F. A. Powell, *Plaintiff in Error*, v. J. Colin English, *Defendant in Error*.

Division B.

Opinion filed May 18, 1929.

Clements, Clements & Craven, for Plaintiff in Error;

*Fred H. Mellor*, for Defendant in Error.

Buford, J.—In this case the plaintiff in error was plaintiff in court below and brought suit against the defendant for Fifteen Hundred ($1500.00) Dollars damages, filing his declaration in three counts. The first count declared upon a promissory note for One Thousand ($1000.00) Dollars with interest and attorney's fees, this count having been amended to include the claim for attorney's fees after it was originally filed. The second count was for money before that time lent by the plaintiff to the defendant. The third count was for interest upon and for the forbearance by the plaintiff to the defendant at his request of divers sums of money and that afterwards in consideration of the premises the defendant promises to pay the same upon request but failed to pay the same when requested so to do. Trial was had on the declaration and what was termed the first amended plea.

The plea is loosely drawn and does not traverse the allegation of the declaration that the defendant was indebted to the plaintiff in the sum of One Thousand ($1000.00) Dollars

at the time of the execution of the note, nor does the plea allege that the consideration for which the defendant became indebted to the plaintiff in the sum of One Thousand ($1000.00) Dollars had failed. The plea at most only alleges that the inducement which caused the defendant to execute a note evidencing his indebtedness to the plaintiff had failed to materialize.

The plea strictly construed tendered an immaterial issue.

There was a demurrer to the plea which was overruled. This action of the court, however, is not made the basis of an assignment of error.

The record discloses that the probative force and weight of the evidence preponderated in favor of the plaintiff and therefore the motion of the plaintiff to set aside the verdict and grant a new trial should have been granted.

For the reasons stated the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.