Ida Crawford, a widow, *Plaintiff in Error*, v. P. L. Hinson, *Defendant in Error.*

146 So. 829.
Opinion filed March 10, 1933.
Re-hearing denied April 3, 1933.

*C. E. Farrington,* of Fort Lauderdale, for Plaintiff in Error;

*Julian E. Ross,* of Fort Lauderdale, for Defendant in Error.

Smith (M. B.), C. J.—This is an action in ejectment. The declaration is in the statutory form. The plea is not guilty. Upon a trial of the case the jury returned a verdict for the defendant and plaintiff brings error.

The principal question is the sufficiency of the evidence to support the finding of the jury.

It is conceded that E. B. Davis is the common source of title.

To prove her ownership and right of possession plaintiff introduced in evidence, without objection, a warranty deed, dated April 8, 1925, from E. B. Davis and wife to Anthony

J. Steiner. Also warranty deed, dated January 28, 1927, from Anthony J. Steiner and wife to Ida Crawford. Plaintiff also introduced in evidence Entry No. 21 of an abstract, same being partial release of mortgage from E. B. Davis and wife to Anthony J. Steiner, releasing the property involved in this suit. Anthony J. Steiner testified in behalf of plaintiff that P. L. Hinson was in possession of the property as a tenant of E. B. Davis at the time he purchased from Davis and had remained thereon as tenant of the plaintiff, Ida Crawford.

The defendant, in support of his title, introduced in evidence a final judgment, dated January 14, 1928, obtained in a suit by E. B. Davis versus Anthony J. Steiner, and a portion of the record in said cause; also a deed from Paul C. Bryan, Sheriff of Broward County, dated May 7, 1927, to E. B. Davis; also deed from E. B. Davis to Mattie Mae Davis, his wife, dated May 7, 1928; also deed from Mattie Mae Davis, joined by her husband, E. B. Davis, dated May _____1928, to P. L. Hinson, defendant.

The property involved in this suit is described in the several deeds introduced by plaintiff and defendant.

The defendant, P. L. Hinson, testified in part: "I rented the land from Mr. Davis originally * * * Yes, sir, I went to farming the land under Mr. Davis. When I secured the deed I farmed it as mine."

As stated in the brief of counsel on behalf of defendant in error, the deed from Anthony J. Steiner and wife to Ida Crawford, plaintiff, was attacked as void for three reasons, viz.:

(a) The said deed was without consideration.

(b) That said deed was in fraud of creditors.

(c) That said deed was delivered when another was in adverse possession of the land.

We have carefully considered all the evidence bearing upon these three propositions and find it wholly insufficient to support any or either one of them and feel that a discussion in detail of such evidence as was offered would serve no useful purpose.

We do not now decide whether under the general issue, without special plea, defendant may show that a deed in plaintiff's chain of title was without consideration and in fraud of creditors.

It is apparent from the record in this cause that the plaintiff showed a superior legal title from the common source, E. B. Davis, and the defendant, by his own testimony, showed that he was a tenant of Mr. Davis and that he did not claim the land as his until he secured his deed, and it is thereby apparent that the plaintiff also showed a right of entry, and when the legal title and right of entry co-exist plaintiff should recover.

Burch v. High Springs Bank, 81 Fla. 450, 89 So. 121.

The record discloses that the probative force and weight of the evidence preponderated in favor of the plaintiff, and therefore the motion of the plaintiff to set aside the verdict and grant a new trial should have been granted.

Powell v. English, 97 Fla. 861, 122 So. 217.

Atlantic Coast Line Railway Co. v. Alverson, 95 Fla. 73, 116 So. 30.

B. L. E. Realty Co. v. Parker, 135 So. 8, 20 R. C. L. 273.

The trial court erred in denying the motion for a new trial. It therefore follows that the case should be reversed and a new trial awarded.

Reversed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN *and* BUFORD, J. J., concur.