THORNAL, Justice.
Appellant Jordan, defendant below in an automobile negligence case, seeks reversal of an order of the trial judge granting to appellee Goggans a new trial after a jury verdict in favor of appellant.
The determining point is whether there was sufficient evidence to support the verdict of the jury and therefore preclude the granting of a new trial.
Appellee Camille T. Goggans was riding as a passenger in an automobile owned and driven by her husband James H. Goggans. About 4:00 p. m., November 25, 1955, the parties were proceeding in a northerly direction on State Road 7 in Broward County. A truck owned by appellant and driven by its employee Charlie Parker was proceeding in the same direction at some considerable distance ahead of the Goggans’ car. Two other automobiles separated the truck from the Goggans. Mr. Goggans passed the two cars ahead of him and then proceeded to pass the truck, about two truck-lengths south of a county road known as Old Bailey Road running westerly off of State Road 7. The driver of the truck testified that he turned on his left-turn signal indicator about 500 feet south of the point where he attempted to turn. He claimed that at that point and again when he was about 30 feet south of the turn he looked in his rear-view mirror and saw no approaching vehicle. At the latter point he also claims to have indicated with a left-arm signal that he intended to turn. As he started to turn he claimed that he heard the brakes and, for the first time, the horn of the Goggans’ car. The automobile struck the truck with alleged resulting injuries to Mr. and Mrs. Goggans.
The case was tried before a jury on issues of negligence of the truck driver and contributory negligence of Mr. Gog-gans. The jury was properly instructed that Mrs. Goggans could not be held responsible for the contributory negligence, if any, of her husband and, further, that she could recover upon proof of any negligence of the truck driver which proximately caused her injury. The jury brought in a verdict for the defendant as against both Mr. and Mrs. Goggans. After the verdict both parties filed a motion for new trial. The trial judge denied the motion of Mr. Goggans but granted the motion of the wife for the reasons hereafter stated. Mr. Gog-gans has not appealed from the judgment entered subsequent to the denial of his motion for new trial. Jordan seeks reversal of the order granting the motion for new trial filed by Mrs. Goggans.
It is contended by the appellant that there was adequate evidence on the basis of which the jury could properly have determined that the sole proximate cause of the injury to Mrs. Goggans was her husband’s negligence. This being so, contends the appellant, the trial judge invaded the province of the jury by awarding the new trial.
It is the contention of the appellee that the record' clearly showed that the truck driver was guilty of negligence and that the trial judge properly exercised his discretion in finding that the verdict of the jury was contrary to the manifest weight of the evidence.
In granting appellee’s motion for a new trial, the trial judge stated in his order the following:
“4. The Motion for New Trial of Plaintiff, Camille T. Goggans, be and the same is hereby granted for that the jury’s verdict as concerns her was not in accord with the manifest weight and probative force of the evidence. More *116 specifically, it affirmatively appears that Charlie Parker, the driver of Defendant’s vehicle, was guilty of negligence.”
There were numerous conflicts in the evidence. A particularly important phase of the testimony which required proper jury consideration was whether the left-turn signal light indicator on the truck was functioning. A police officer testified that after the collision the light was not functioning. The truck driver testified that just before he started on his journey the lights were checked and the signal light indicators were all functioning. This conflict, of course, gives rise to the possibility of a proper inference that the signal indicator could have been functioning properly until something happened to it as a result of the collision.
We note from the order of the trial judge granting the new trial that he was of the view that the verdict was contrary to the manifest weight and probative force of the evidence with specific reference to the fact that in his view it affirmatively appeared that the truck driver was guilty of negligence. In passing we observe that the judge did not state that even in his view the negligence of the truck driver was a proximate cause of the injury. Assuming, however, that it was his intention so to hold, we' are compelled to the conclusion that there was adequate evidence before the jury which would have justified a verdict grounded on the negligence of Mr. Gog-gans as the sole proximate cause of the collision. Finding as it did under the instructions of the court, the jury necessarily concluded as to Mr. Goggans either that his negligence was the sole proximate cause of his own injury or that his own contributory negligence proximately contributed to his injury. As to Mrs. Goggans, the jury necessarily must have concluded that the negligence of her husband was the sole proximate cause of her injury.
Although it is true there were conflicts in the evidence, it appears to us from an examination of the record that the weight and probative force of the evidence did not so clearly and obviously preponderate in favor of the appellee that it would justify a judicial determination that it was manifestly in her favor. We think that the record presented a typical jury question. We recognize that an order of a trial judge granting a motion for a new trial is accorded a strong presumption of correctness because of the broad discretion allowed to him in his review of the case in the light of his direct contact with the trial. However, it is our view of the instant case that although it may be said that the truck driver was guilty of some negligence it cannot be concluded as a matter of law that his negligence, such as it was, necessarily constituted a proximate cause of the collision.
We must, therefore, hold that the order granting the motion for new trial is reversed with directions to enter a judgment on the verdict of the jury.
TERRELL, C. J., and THOMAS, HOB-SON and O’CONNELL, TJ., concur.