110 So.2d 669 (1959)
Charles W. CLOUD, Petitioner,
v.
Donald FALLIS, Respondent.
Supreme Court of Florida.
April 10, 1959.
*670 Shackleford, Farrior, Stallings, Glos & Evans and Vernon W. Evans, Jr., Tampa, for petitioner.
McEwen & Cason, Tampa, for respondent.
THOMAS, Justice.
It is the claim of the petitioner that the decision rendered in this case by the District Court of Appeal, Second District, Cloud v. Fallis, Fla.App., 107 So.2d 264, conflicted with decisions of this court in Hart v. Held, 149 Fla. 33, 5 So.2d 878, Martin v. Stone, Fla., 51 So.2d 33, and Jordan Furniture Co. v. Goggans, Fla., 101 So.2d 114, on the same point of law, namely, the test by which should be determined the propriety of an order of a judge granting a motion for a new trial.
The action was instituted by the respondent to recover damages for the death of his three-year-old son alleged to have been caused by the negligence of the petitioner in the operation of his motor car. The petitioner denied negligence and pleaded the negligence of the parents of the child in allowing him to play in the street. At the trial the jury returned a verdict for the defendant, petitioner.
On motion of the respondent for a new trial the judge, recognizing that questions of negligence and contributory negligence were ones for decision by the jury, stated, nonetheless, that he held the opinion the verdict of the jury was contrary to "the manifest weight of the evidence" and that in such circumstance it was his "duty to grant a new trial." He thought it had been conclusively shown that the petitioner was, at the time the little boy was struck, passing at excessive speed through a "thickly populated area, which he knew had in it many children" and that the jury had held the parents to a greater degree of responsibility for the care of their child than the law required.
The order was taken to the district court of appeal and was affirmed.
The author of the opinion of the appellate court painstakingly reviewed pronouncements of this court on the subject of the rules which bind a trial judge when considering motions for new trial and the rules governing appellate courts in reviewing the actions of trial courts on such motions. It was stated by the court that there appeared to be decisions clearly supporting affirmance of the order under attack, and other decisions just as plainly requiring reversal *671 of it. In amplification of this thought the court said that the earlier cases seemed to recognize a broader discretion in the trial judge than the later ones.
Recognition of different rules in this respect was expressed in Labruzzo v. Atlantic Dredging & Construction Co., Fla., 73 So.2d 228, when the court frankly said that two rules had been followed, one, that presence of "substantial competent evidence" and absence of any showing the jury had been deceived about the force and credibility of the evidence or influenced by outside considerations would demonstrate the error of granting a motion for new trial, citing Martin v. Stone, supra, and another, that when the verdict is contrary to the "manifest weight and probative force of the evidence and justice of the cause" a new trial should be granted, citing Crawford v. Hinson, 108 Fla. 630, 146 So. 829, and other cases. The court concluded that the case then under review should be governed by the "rule last cited." The similarity of the language quoted to that appearing in cases to which we will presently refer is significant. The task of reconciling completely the two lines of decisions is, we think, impossible. And, certainly, there is no need for two rules.
On the theory that inconsistencies found by the court in our decisions relating to the rules regulating determination of motions for new trial would, if they existed, necessarily result in conflicts between some of them and the decision of the district court of appeal in this controversy, we concluded to issue the writ of certiorari and attempt to resolve any conflict we found between these rulings, and incidentally to clarify the law on the subject.
Specifically, the petitioner asserts that he got in the district court the review he sought but that that court did not use the proper yardstick because the court "declined to accept and apply the substantial competent evidence rule * * *." This statement taken from the petitioner's brief brings into focus, we think, the point of difference the district court of appeal considered to have developed, that is, whether the so-called "broad discretion" rule or the so-called "substantial competent evidence" rule should be applied by an appellate court when judging the correctness of an order of a trial court granting a motion for a new trial.
We turn back now to the three cases cited in the beginning which petitioner claims were not followed when the order in the present case was affirmed. The gist of the decision in the first of these, Hart v. Held, supra [149 Fla. 33, 5 So.2d 882], was that the order, then under review, granting a motion for new trial should be reversed because it was "settled law that if there [is] * * * substantial competent evidence in support of the verdict * * * the same should stand and the trial court is without authority at law to substitute his conclusions * * * for the views and conclusions of the jury * * *." The court added that the verdict could be set aside if it appeared to the trial judge that the jury had been deceived "as to the force and credibility of the evidence" or had been influenced by considerations "outside the record," and the court repeated that the verdict should not be disturbed if supported by testimony "and nothing [could] be accomplished except to have another jury review the cause."
Following these statements was cited Seaver v. Stratton, 133 Fla. 183, 183 So. 335, 337. Here we find the announcement that if "[t]here was substantial competent evidence in support of the verdict, whether or not it preponderated in favor of the plaintiff was not for the trial court to determine," but the trial court could set aside a verdict in event the jury had been deceived as to the force and credibility of the testimony or influenced by improper evidence or considerations outside the evidence. This opinion, said the district court of appeal, was the one that veered from the rule established about 65 years before in Shultz v. Pacific Insurance Co., 14 Fla. 73, and meanwhile followed, that the trial court should not refrain from exercising the *672 power to interfere with the verdict of a jury when it appeared to him difficult to reconcile the verdict with the justice of the case and the manifest weight of evidence. This court in Shultz v. Pacific Insurance Co., supra, then put the matter in the discretion of the judge who, after all, "has the same opportunity as the jury to observe what occurs in the trial."
Since the court in Hart v. Held, supra, citing Seaver v. Stratton, supra, referred to the lack of any accomplishment save review of the case by another jury, it seems fitting further to quote from Shultz v. Pacific Insurance Co., supra, the comment that the trial court in exercising its power to "set aside a verdict which does not reach a substantially just conclusion" does not invade the "province of the jury for the reason that it does not conclusively settle facts in the form of a verdict, but only gives another jury the opportunity of so doing and of correcting what appears to be a mistake."
We go to the second case cited at the outset as one claimed by petitioner not to have been followed by the district court of appeal. In that case, Martin v. Stone, supra [51 So.2d 33], the court in a divided opinion held, citing Seaver v. Stratton, supra, that when "substantial competent evidence" supports a verdict the trial court is "without authority" to interfere, but may do so when the jury is deceived about the force and credibility of the evidence or is motivated by matters outside the record.
In the last of the three cases first cited, Jordan Furniture Co. v. Goggans, supra [101 So.2d 116], the court observed that the trial court had granted a new trial because he thought "the verdict was contrary to the manifest weight and probative force of the evidence," and the court upon examination of the record came to the conviction that there was not such an obvious preponderance of evidence in favor of the party who lost that it could be said "manifestly" to support that party's position. But the court recognized that a "strong presumption" should be indulged the correctness of the trial judge's order granting a motion for new trial because of the "broad discretion" vested in him. This opinion, therefore, could not be said to fall definitely in the so-called "substantial competent evidence" rule.
It is true that in Turner v. Frey, Fla., 81 So.2d 721, 722, which the district court of appeal seemed to think inharmonious with the holding in Jordan Furniture Co. v. Goggans, supra, the supreme court quoted generously from the trial court's opinion indicating that he should not interfere when there was evidence upon which the jury could base a verdict although he disagreed with the conclusion. But the court, referring to Talley v. McCain, 128 Fla. 418, 174 So. 841, commented that even if a motion for directed verdict is denied, the trial court may, in the same case, come to the conclusion that the verdict does not comport with "the manifest weight" of the evidence and the "substantial justice" of the case and when he does it becomes his "duty" to grant a new trial.
In our intensive study of relevant pronouncements by this court we have not found such an abandonment of the long-established principles governing the evaluation of orders granting new trials as justifies the position of the petitioner that when the district court of appeal disposed of the matter, that court's ruling was error because it ignored what the petitioner chooses to call the "substantial competent evidence" rule and adopted the "broad discretion" rule. We adhere to the early rule placing in trial courts broad discretion of such firmness that it would not be disturbed except on clear showing of abuse, and we approve the district court's ruling although it was apparently so inharmonious with two of the opinions first cited that we assumed jurisdiction under Sec. 4(2), Art. V of the Constitution as amended in 1956, F.S.A. But as the district court said, there is room for concern about confusion with the reference to the true test to be applied in gauging the soundness of an order granting a motion for new trial, because of the *673 reference in opinions already cited to the presence of "substantial competent evidence" being an obstacle to the grant of a new trial.
In an attempt to dispell this confusion about procedure of such importance, we will undertake to restate the law on the subject.
When a motion for new trial is made it is directed to the sound, broad discretion of the trial judge, Poindexter v. Seaboard Air Line R. Co., Fla., 56 So.2d 905, Mead v. Bentley, Fla., 61 So.2d 428, who because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based is better positioned than any other one person fully to comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached, Pyms v. Meranda, Fla., 98 So.2d 341.
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record, Martin v. Stone, supra, Turner v. Frey, supra, Myers v. Atlantic Coast Line Railroad Co., Fla., 86 So.2d 792; Florida Publishing Co. v. Copeland, Fla., 89 So.2d 18.
Inasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused. Dent v. Margaret Ann Super Markets, Fla., 52 So.2d 130; Geffrey v. Langston Const. Co., Fla., 58 So.2d 698; Pyms v. Meranda, supra.
The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some "substantial competent evidence" supporting the verdict.
In a late decision of this court, Pyms v. Meranda, supra [98 So.2d 341], we reiterated many of the principles so long recognized as governing decisions dealing with orders granting new trials. We referred to the "very broad and liberal discretion" of the trial courts. We said that such orders would infrequently be disturbed, citing Duboise Const. Co. v. City of South Miami, 108 Fla. 362, 146 So. 833. We announced that they would not be overturned in the absence of a "clear showing of an abuse of * * * discretion" in entering them. We took further cognizance of the old rule that a stronger showing is required to upset an order granting than an order denying a motion for new trial, and we drew attention to the actual duty of the trial judge to grant such a motion when the verdict failed "to comport with the manifest weight of the evidence," citing Turner v. Frey, supra.
Finally, in deciding no abuse had occurred in that case, we held that the circuit judge who was acting in an appellate capacity should not have reversed the order because the trial judge "was in a much better position * * * to pass on the ultimate correctness of the jury's verdict."
These are recent expressions of this court in an opinion which brought to date some of the decisions predating Seaver v. Stratton, supra.
We think the district court of appeal followed the decisions stating the correct rule, so despite other decisions apparently in disharmony with them the petition for certiorari is discharged.
TERRELL, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.