ROBERTS, Justice
(dissenting).
This cause is before the court on certio-rari granted to review a decision of the District Court of Appeal, Third District— reversing an order for a new trial upon the question of damages, entered in the trial court.
The undisputed facts as stated in the opinion of the district court are: “Elizabeth Mow and Edward Mow, her husband, received verdicts of $20,000 and $8,10 respectively, at the conclusion of a jury trial. The action claimed damages resulting from the negligence of the defendant in the construction or maintenance of a swimming pool. The defendant provided the pool as a part of the accommodations at its motel where she was a guest. The injury occurred when a pool ladder gave way and Mrs. Mow’s leg was caught between the ladder and the pool wall, causing the leg to be broken. The trial judge granted a new trial upon the issue of Mrs. Mow’s damages upon the ground that the amount awarded to her was excessive.” [122 So.2d 47].
The district court stated: “The question presented is whether the excessiveness of the verdict may be determined upon the record, or the amount is such as to shock the conscience of the court, or to indicate that the jury must have been influenced unduly by passion or prejudice, or that the jury misconceived the evidence, failed to consider and decide issues submitted, misused the law as charged, or otherwise failed to discharge their duty as they were directed by the court” and then the district court found: “It cannot be said that excessiveness of the verdict clearly appears from the record in this case. Nor do we find in the record any indication that the jury might have been unduly influenced by passion or prejudice. There is evidence of a great deal of pain and suffering, extended medical treatment and permanent injury.” And, further, “As the Supreme Court pointed out in Rosenfelder v. Huttoe, Fla. 1953, 66 So.2d 226, where the only reason for awarding a new trial would be to have another jury pass on the question of the amount of the damages, an order for a new trial upon the damages must be set aside.” The order for a new trial on the question of damages was reversed.
The question before this court is whether the holding here is in direct conflict with our holding in Cloud v. Fallis, Fla., 110 So.2d 669, 672. Several pertinent rules were announced in the Cloud case: (1) “We adhere to the early rule placing iñ trial courts broad discretion of such firmness that it [an order to grant a new trial] would not be disturbed except on clear showing of abuse * * * ” (2) “We [the court] took further cognizance of the old rule that a stronger showing is required to upset an order granting than an order denying a motion for a new trial * * * (3) “The burden to make error clearly ap *5 pear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds * * * that there appears to be some ‘substantial competent evidence’ to support the verdict.” (4) “When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial * * * ”
In the instant case the district court reversed the trial court without finding a “clear showing of abuse” of the “trial court’s broad discretion”. The absence of such a showing would leave the law in conflict on whether a trial judge granting a new trial on the question of damages can be reversed “ * * * in the absence of a clear showing that it [the broad discretion of the court] has been abused”. Further conflict is reflected in the failure of the appellant to show anything further than some “substantial competent evidence”, if this in fact she did show, to support her appeal. True, the trial judge could well have expressed the basis for his findings in his opinion: “This court is of the opinion that this verdict in favor of the Plaintiff, Elizabeth Mow, is excessive * * However, his finding that the verdict was “excessive” was, we think, within his “broad discretion” especially inasmuch as he was granting a new trial rather than denying a new trial.
The rule laid down in Cloud v. Fallis, supra, is that the appellate court must find that the trial judge clearly abused his discretion whereas the rule applied here was that the court could reverse the trial judge upon finding some “substantial competent evidence” to support the verdict, a principal specifically rejected in Cloud v. Fallis, supra. The conflict is so pronounced that in my opinion the decision of the district court if allowed to stand would nullify the requirements delineated by this court as a guide for the use of district courts in a proceeding seeking to reverse a trial court’s ruling.
The judgment of the District Court ought to be quashed and for that reason I must dissent from the majority view denying the petition for certiorari.
TERRELL and HOBSON, JJ., concur.