CARROLL, Judge.
The appellant Mary MacLaughiin was a passenger in a taxicab which was involved in a collision with another automobile. She and her husband sued the appellees for personal injuries and losses alleged to have been caused by negligence of the driver of the cab. When the case came on for trial before a jury the defendants conceded liability. The consequent verdict for damages was for the aggregate sum of $42,500, of which $15,000 was awarded to the wife and $27,500 to the husband.
The defendants’ motion for a new trial was granted, on the ground that the verdict was so excessive as to shock the conscience of the court.[1] On this appeal, taken by the plaintiffs from the order granting new trial (§ 59.04, Fla.Stat., F.S.A.), we are confined to consideration of the merit of the ground stated by the trial judge (§ 59.07(4), Fla.Stat., F.S.A.). Our task is made easier by the recent decision in Bennett v. Jacksonville Expressway Authority, Fla.1961, 131 So.2d 740, in which the Supreme Court of Florida approved a new trial granted because the trial judge felt the amount of the verdict was such as to shock the judicial conscience. In that case the Supreme Court said (131 So.2d at pages 742-744):
“ * * * He [the trial judge] had much the advantage in his acquaintance, *561 first-hand, with the trial, and when he became ‘shocked’ by the outcome he was, in the opinion of this writer, conscience-bound to do exactly what he did, namely, grant a new trial. * * ”
“A judge may struggle to conduct a trial that is fair and just and be certain in his mind that this has been accomplished yet become ‘shocked’ in the end by the concluding verdict.
if! i|C ‡ * * *
“The District Court of Appeal, First District, decided that the circuit judge was not ‘justified in concluding that his judicial conscience was shocked’ but it seems to us that such a conclusion would be a bit difficult to draw from cold type inasmuch as conscience is the ‘ideas and feelings within a person that warn him of what is wrong.’ Thorndike-Barnhart Dictionary. It has also been variously defined as ‘inward knowledge, consciousness; inmost thought, mind * * * consciousness of right or wrong; moral sense.’ The Oxford English Dictionary.
Í*! }{C íjí i{c i|i
“We observed in the cited case [Cloud v. Fallís, Fla.1959, 110 So.2d 669] that there was brought into focus the question whether the so-called ‘ “broad discretion” rule’ or the so-called ‘ “substantial evidence” rule’ should obtain in judging the correctness of a ruling on a motion for new trial.
“After discussing a few decisions appearing to adhere to the substantial competent evidence rule, including Hart v. Held, 149 Fla. 33, 5 So.2d 878, cited by the District Court of Appeal, First District, in the present case, we announced, unequivocally we thought, adherénce ‘to the early rule placing in trial courts broad discretion of such firmness that it (the ruling) would not be disturbed except on clear showing of abuse * * *.’ We elaborated on this announcement by reference to the close contact of the judge with the trial, his opportunity therefore better to understand the ultimate decision of the jurors. We stated that if the trial judge entertained the opinion that the verdict was against the manifest weight of the evidence it was his duty to grant a new trial. True, in the present case the judge did not say the verdict was contrary to the manifest weight of the evidence, but he did say the verdict shocked him and he indicated, in terms of money, the exact extent of the shock.
“In the cases cited following the announcement we said that ‘[i]nasmuch as such motions are granted in the exercise of a sound, broad discretion the ruling should not be disturbed in the absence of a clear showing that it has been abused * * * ’ and that ‘[t]he burden to make error clearly appear is on the appellant.’
“Reverting to the present case and re-announcing the rule in Cloud v. Fallis, supra, we conclude that there was no clear showing by the appellant that the circuit judge abused his discretion and that when the judge declared he was shocked by the amounts of the verdicts, he manifestly exercised without abuse the discretion vested in him.”
On the authority of Bennett v. Jacksonville Expressway Authority, supra, the order granting a new trial on damages in this case is affirmed, because appellants have not shown absence of a reasonable basis on which the trial court could regard the verdict so excessive as to shock the judicial conscience, or that the broad discretion of the trial judge in such matter was abused.
Affirmed.
HORTON, J., dissents.

. The order granting new trial contained the following:
“The plaintiffs are entitled to be adequately compensated for the loss, damages and injuries complained of, the defendants having admitted liability. This Court feels that the amount of damages awarded to the plaintiffs was so excessive as to shock the judicial conscience of the Court, and that the verdict should be set aside and a new trial awarded on the question of damages only. The Court does not attempt to require the plaintiffs to enter into a remittitur, but leaves that question to be considered by the appellate court, in the event an appeal shall be taken from this order, or in the alternative, leaves it to another jury to pass upon the question of damages or adequate compensation. * * * ”