ALLEN, Acting Chief Judge.
Plaintiff-appellant, a widow, brought suit against the corporate defendant-appellee and its driver-employee, Philip Bradshaw Oliver, charging them with the negligent operation of a truck resulting in a collision with the vehicle in which she was riding as a passenger on November 26, 1960, in Hills-borough County, just west of the Polk County line at the intersection of State Road 600 and County Line Road, which collision resulted in plaintiff sustaining a broken back and other injuries. The cause proceeded to issue on the question of defendant’s negligence and thence to trial on that issue. At the conclusion of all the evidence defendant’s request for an instruction concerning F.S.A. § 317.30, F.S.A., (which prohibits passing within 100 feet of an intersection) was granted. Plaintiff’s request fo,r instruction pertaining to §§ 317.37 and 317.34 was denied. Section 317.37 requires a vehicle to give an appropriate signal when turning from a direct course upon a highway. Section 317.34 requires a vehicle to stay close to the center line but in the right hand lane when in the process of negotiating a left turn.
The jury returned a verdict in favor of defendant upon which judgment was entered. Plaintiff’s motion for new trial was denied and she has appealed to this court.
Plaintiff was riding ,as a passenger in a car owned by her son and driven by her daughter-in-law. Plaintiff was sitting in the right front seat and her son, the owner, was riding in the rear. The car was proceeding easterly along State Road 600 from Plant City to Lakeland. At a point in the neighborhood of 200 feet west of the intersection of State Road 600 with County Line Road, the plaintiff’s car pulled out to the left in order to pass defendant’s truck. The collision occurred when the truck, while the car was abreast of its cab, started its left turn into the intersection. The evidence seems to conflict as to whether or not the truck was actually in or upon the intersection when it started its turn and as to whether the truck’s rear turn signal was blinking left or right. There was considerable testimony that the signal had been indicating a right turn was to be made for quite a distance back from the intersection and that said signal had to be shut off manually once turned on. The inference from this testimony which plaintiff emphasizes is that the truck had earlier turned right into State Road 600, coming from the south, and that the driver had forgotten to shut off the turn signal which he had made to indicate said right turn.
*804 Plaintiff’s main thrust in this appeal is that no reasonable jury could have failed to find the defendants negligent under the evidence adduced and that the verdict rendered in this case is either totally out of touch with reason on that issue or was brought on as a result of a misapprehension on the part of the jury that the driver’s contributory negligence could be imputed to the plaintiff-passenger. There was considerable testimony which could lead to -an inference of contributory negligence on the part of the driver. Such misapprehension, if any, plaintiff contends, resulted from the lower court’s refusal to charge the jury as requested by plaintiff and its grant of defendant’s .requested charge.
The connotation placed on the evidence by defendant is that the plaintiff vehicle attempted to pass the defendant’s truck while too close to an upcoming intersection; that the defendant driver properly made his left turn at said intersection; and that he did not see or was unable to see the plaintiff vehicle which was overtaking his until the moment of impact.
Plaintiff’s version is that the plaintiff vehicle began overtaking the truck more than 200 feet back from the intersection and that, had not the truck started its left turn prematurely, the car could have gotten safely around it before reaching the intersection.
The parties agree that the doctrine of imputed negligence does not apply in this case. Plaintiff, however, contends that the jury was permitted to invoke said doctrine in bar of plaintiff’s claim. Defendant, on the other hand, states that the only defense instructed on was “not guilty” and that the jury by its verdict simply found the defendant to be free of any negligence proximately contributing to the plaintiff’s injuries.
We are of the view that the trial judge erred in refusing to give plaintiff’s .requested instructions # 1 and # 4 which requested instructions involved charging F.S. §§ 317.34(2) and 317.37, F.S.A., which are as follows:
“(2) Approach for a left turn shall be made in that portion of the .right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.
t. * t- *■ * *
“317.37 When signal required
“(1) No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner hereinafter provided, in the event any other vehicle may be affected by such movement.
“(2) A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.
“(3) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear, when there is opportunity to give such signal.”
The trial judge had given the defendant’s requested instruction which concerned F.S.A. § 317.30, F.S.A., which, in effect, prohibits passing within 100 feet of an intersection. Having given this instruction, under the evidence in this case, the judge should have charged on §§ 317.34(2) and 317.37. See Clark v. Sumner, Fla.1954, 72 So.2d 375, and Jordan Furniture Co. v. Goggans, Fla.1958, 101 So.2d 114.
The case is reversed for a new trial.
WHITE, J., and OGILVIE, CLAUDE, Associate Judge, concur.