ALLEN, Acting Chief Judge.
The plaintiff, Frank Raymond Stetzel, brought suit to recover damages for injuries sustained in an automobile accident, which occurred on January 10, 1962. There was evidence that the defendant, who was following immediately behind the plaintiff, ran into the rear of the plaintiff’s car. The jury brought a verdict for the plaintiff in the amount of $1500.
On motion of the plaintiff, the trial judge granted his motion for a new trial on the question of damages only, stating in his order:
“ * * * the amount of the verdict for the plaintiff was so inadequate as to shock the judicial conscience of the Court and appears to have resulted from failure of the jury to consider all of the elements of damage of the plaintiff or that the verdict was given under some misconception of the law or evidence or under the influence of passion and prejudice * *
The defendant has appealed the above order and claims the trial court invaded the province of the jury and therefore committed error. There is no question in regard to the issue of liability but only as to whether or not the trial court abused its discretion in granting a new trial.
The record reveals that the plaintiff was hospitalized from January 10, 1962, the date of the accident, until January 20th; that he continued to see his doctor recurrently through August 15, 1962, and that he had physical therapy from May 18th through July 6, 1962.
The parties stipulated as to the reasonableness of the medical bills, which amounted to $1394.00. The record further reveals that the plaintiff, prior to the accident, was earning $67.50 per week from his regular employment and that he earned approximately $20.00 per week doing part time work. Apparently his loss of earnings from January 10th through August 14th amounted to approximately $2300.00. Plaintiff made no claim for future loss of earnings. This would make the damages amount to approximately $3700.00, excluding pain and suffering.
The question involved in this case is whether or not the trial judge abused his discretion in granting a new trial on damages only. The trial judge has a broad discretion in granting a new trial and, in the absence of a clear showing that discretion has been abused, his decision should be affirmed. See Cloud v. Fallis, Fla.App.1958, 107 So.2d 264; cert. denied Fla.1959, 110 So.2d 669.
*612 In Sorg v. Royal, Fla.1949, 41 So.2d 317, our Supreme Court reversed the lower court for a new trial upon the question of damages. The factual situation in this case is very similar to the instant case, except in the instant case the lower court granted the motion for new trial, while in the Sorg case the lower court entered judgment on an inadequate verdict. See Marvin v. Byrd, Fla.1953, 67 So.2d 416; Utley v. Southern Metal Products Co., Inc., Fla.App. 1959, 116 So.2d 28.
We conclude that the lower court did not abuse its discretion in granting a new trial in this case.
Affirmed.
SHANNON and WHITE, JJ., concur.