PER CURIAM.
Appellants David and Nehemiah Braddy, defendants below, appeal an order setting aside the verdict and judgment rendered in favor of Appellee Harold B. Wahl, one of the plaintiffs below, and granting him a new trial.
Wahl was the driver of the middle car involved in a three-car rear-end automobile collision. In setting aside the verdict and judgment in favor of Wahl in the sum of $1,000.00 upon numerous grounds, separately and severally, the trial judge found inter alia: (1) Under any view of the evidence it is apparent that Plaintiff Harold B. Wahl received traumatic injuries while sitting in a motor vehicle properly stopped in traffic; (2) The special damages were greater than the amount of the verdict for Plaintiff Harold B. Wahl; and (3) It is obvious that the jury failed to award any damages to said Plaintiff for pain and suffering either on the basis of temporary disability or permanent disability. The total substance of the order was to the effect that the verdict was so grossly inadequate as to shock the judicial conscience of the court, was contrary to the manifest weight of the evidence, and was induced by some misconception of the law and evidence on the part of the jury.
This question has been belabored at great length in numerous decisions by appellate courts of this state, and in our opinion no useful purpose would be accomplished by setting forth detailed excerpts from the evidence and record in this cause and weighing same against the innumerable principles of law previously written upon the subject. We have reached the same conclusion as that stated by the Second District Court of Appeal in ^'Austria v. Donovan:[1]
“We have read the testimony in the case and cannot say that the lower court abused its discretion in granting a new trial because of the apparent failure of the jury to give any damages for pain and suffering, loss of earnings, etc. This matter is within the discretion of the trial judge and falls within the rule laid down in Cloud v. Fallís, Fla.App.1958, 107 So.2d 264, cert, discharged, Fla., 110 So.2d 669.”
Having concluded that the trial judge did not abuse his discretion in granting a new trial, the order appealed is
Affirmed.
STURGIS, Chief Judge, RAWLS, J., and PATTEN, GEORGE L., Associate Judge, concur.

. Austria v. Donovan, 109 So.2d 377 (Fla.App.2d 1964).