PER CURIAM.
Defendant and third-party plaintiff appeals a final judgment based upon a jury verdict in favor of the original plaintiff and the third-party defendant. The two points on appeal presented by appellant question the sufficiency of the evidence to support the verdict, and contend that the trial court erred in denying appellant's motion for a new trial which is grounded on the theory that the verdict is contrary to the manifest weight of the evidence and justice of the cause.
The plaintiff homeowner sued the defendant general contractor for damages suffered when rain water came through holes in the unfinished roof of an addition *238 to plaintiff’s home being constructed by the contractor at a time before the construction was completed. The complaint alleged negligence on the part of the contractor in failing to use due care to protect the construction from the elements before the roof was completed.
The contractor filed a third-party complaint against its air conditioning subcontractor alleging that plaintiff’s damages resulted from the negligence of the subcontractor in failing to use due care in installing the air conditioning ducts in the roof of the new addition, and in failing to properly protect the work performed by it from the elements as a result of which water entered the new addition and caused the damage sued for.
The evidence adduced by the respective parties in support of their claims and defenses is in sharp conflict. An objective analysis of the testimony adduced by the parties leads to the inescapable conclusion that an issue of fact was presented which could properly be resolved only by the jury. The jury which rendered the verdict, and the court which conducted the trial, were both of the opinion that the weight of the evidence was sufficient to sustain the verdict and judgment rendered in the cause. The posture of the evidence is such that we are unable to say with any degree of certainty that the trial court abused the broad discretion accorded it in declining to find that the verdict is so contrary to the manifest weight of the evidence as to require a new trial. Under the circumstances we are not authorized to reverse the judgment or otherwise interfere with the disposition made of the cause by the trial court.[1]
The judgment appealed is accordingly affirmed.
WIGGINTON, C. J., and CARROLL, DONALD, K., and RAWLS, JJ., concur.

. Cloud v. Fallis (Fla.1959), 110 So.2d 669.