SPECTOR, Judge.
Appellant seeks review of an order granting a new trial in an action she filed for benefits under an employee group life insurance policy. The new trial order was entered on appellee’s motion made after the jury returned a verdict for $15,000.
Appellant’s husband was killed in an accident while employed by Flowers Baking Company to whom appellee had issued a group life policy under the terms of which an employee was eligible for insurance coverage if he had completed three months of continuous service on a full-time basis. The policy further provided that the date of termination of employment shall be the date on which the employee ceased active work, with the proviso however that if an employee ceases active work due to a leave of absence, the employment was deemed to continue and the insurance coverage would thereafter continue.
When the parties went to trial, one of the issues framed by the pleadings was whether appellant’s decedent had resumed his employment with Flowers after a leave of absence or whether such resumption was after an absolute termination of his prior employment with Flowers. It was necessary to resolve this factual issue, of course, to determine coverage under the policy since the decedent died in an accident which occurred about a week after he had resumed performing his duties in behalf of Flowers. During the trial, the court admitted certain evidence against Flowers which was given by an officer and decedent’s family concerning the question of decedent’s leave of absence. However, such testimony was not admitted as against the appellee. After the close of plaintiff’s case, the trial court granted Flowers’ motion for directed verdict but denied a similar motion made by appellee. Hence, the critical evidence which related to the question of the decedent’s leave of absence was not before the jury at the time the case went to it and its verdict was rendered.
In ruling upon appellee’s motion for new trial, the lower court recognized the deficiency in the record and granted a new trial. We think the trial court correctly ruled on the motion, and no abuse of discretion has been shown therein since the jury was entitled to consider what the decedent’s employer’s agent had to say about whether he was on leave of absence or not. See Cloud v. Fallis, Fla., 110 So.2d 669.
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.