REED, Judge
(concurring, in part, and dissenting, in part).
I respectfully dissent from the decision and opinion of the majority in Case No. 1652, but concur in Case No. 1653.
Case No. 1652 was an action brought by the mother as administratrix of the deceased child’s estate. Following the entry of a jury verdict in the amount of $31,-200.00 the defendants filed a motion for a *775 new trial. On the basis of this motion, the trial court entered an order which read in part as follows:
“In this case the decedent was a child two years old; said child survived the accident some twelve days and never regained consciousness to any appreciable extent. The child never talked, and the only evidence of pain was an occasional moan and a possible muscle reflex. The evidence is wholly lacking as to any basis for the value of the child’s estate, other than the fact that the deceased was a girl two years of age in normal health. The verdict in this case of $31,200.00 is not supported by the evidence and is most excessive. It is thereupon
“ORDERED that the defendants’ motion for new trial will be granted, unless the plaintiff does within ten days of this order enter a remittitur in the sum of $21,200.00, leaving a verdict of $10,000.00 for the plaintiff.”
It is from this order that the appeal was taken in Case No. 1652.
In my opinion, our duty is to test this order against the well established principles relating to appellate review of a trial court’s order which grants a motion for new trial. Trial judges, because of their unique relationship to the trial, have a broad discretion when acting upon a motion for new trial. The trial judge’s ruling should not be disturbed on appeal in the absence of a clear showing of an abuse of this discretion. Cloud v. Fallis, Fla.1959, 110 So.2d 669; Hendricks v. Dailey, Fla.1968, 208 So.2d 101.
The trial judge has the power to grant a new trial when the-verdict is so excessive as to shock the judicial conscience or when the verdict is the result of passion, prejudice or any other improper motive. Bartholf v. Baker, Fla.1954, 71 So.2d 480. My review of the record, and particularly the testimony referred to in the plaintiff’s brief, leads me to conclude that the above quote from the trial judge’s order granting the new trial accurately summarized the evidence relating to the two elements of damages recoverable by the plaintiff in her capacity as administratrix. This evidence is so lacking in probative value that it cannot support the jury verdict of $31,200.00 for those elements of damage and reasonably suggests that the verdict was motivated by understandable sympathy for the deceased child and her surviving widowed mother. Accordingly, it is my conclusion .that the trial judge acted properly with respect to the motion for a new trial and that his actions should be affirmed under the principles of Cloud v. Fallis, supra.
The appellant contends that it was error for the trial judge to have entered the remittitur because there was no basis in the record to determine how excessive the verdict was. In my opinion this is not a basis for an appellate reversal of the trial judge’s order for the simple reason that the order can and should be sustained as an order granting a motion for new trial, without reference to the remittitur.
I would affirm the order appealed from in Case No. 1652. Otherwise, I agree with the opinion and decision of the majority.