RAWLS, Judge
(dissenting).
Of course, the organic right of trial by jury should not be infringed upon. Applying the “horn-book” principles of law quoted by the majority to the unrefuted facts in the instant cause, I am unable to find any evidence or any inference of negligence committed by the defendant in this cause.
These are the facts most favorable to the plaintiff: Three vehicles were involved in the collision, which I shall refer to as vehicle No. 1, occupied by plaintiff; vehicle No. 2, owned by defendant; and vehicle No. 3, driven by a man not a party to this cause. Prior to the accident all three vehicles were stopped in a line because there were several vehicles stopped in front of them. The line of traffic moved a short distance. At the time of the collision vehicle No. 1, being driven by plaintiff, and vehicle No. 2, driven by defendant’s employee, were completely stopped. Vehicle No. 3 struck the rear of vehicle No. 2, which in turn struck vehicle No. 1 ahead of it. It is clear from this evidence and all inferences to be drawn therefrom that the sole proximate cause of this accident was due to the actions of the driver of vehicle No. 3 in failing to stop before striking the defendant’s vehicle (No. 2), and that the uncontradicted evidence reflects that the defendant was not guilty of any act of negligence.
Plaintiff urges that there is ample evidence in the record to sustain and justify the verdict of the jury and the judgment of the court. He states that the evidence showed that the defendant did not stop his vehicle a safe distance to the rear of the vehicle in front of him. The critical inquiry which must always be made in a case such as this is: What negligent act did the defendant commit? Apparently, it is plaintiff’s position that defendant should have left an undefined amount of space between his stopped vehicle (No. 2) and plaintiff’s stopped vehicle (No. 1) in the event a vehicle struck defendant from the rear. In short, the entire thrust of this verdict and judgment must rest upon the foundation that one who stops his automobile in a line of traffic must leave adequate space between his automobile and the one preceding him in contemplation that a following vehicle might strike him and drive him forward. Cloud v. Fallís, 110 So.2d 669 (Fla.1959), and all other similar doctrines will not supply negligence to a course of action which on its face is not of a negligent character and which is not the proximate cause of an injury. In my view the verdict and judgment rest upon a fallacious foundation and should not be sustained. I, therefore,
Dissent.