BOARDMAN, Judge.
Appellant-plaintiff sued appellees-de-fendants for damages resulting from an automobile accident. The appellees denied negligence, and alleged that the appellant was guilty of contributory negligence. A jury returned its verdict for the appellant.
The appellees filed post-trial motions: (1) for a new trial, and (2) for judgment non obstante veredicto alleging eight grounds in support of the motions. After proper hearing, the trial judge granted the motion for new trial, specifically as to grounds five and six of the motion, that are set out in full:
5. There was no legal basis nor proper predicate laid for instructing the jury as to the statutes on authorized emergency vehicles.
6. There was no showing made by Plaintiff, nor evidence introduced to support such a showing, that Plaintiff was driving a vehicle at the time of the accident which was entitled to “authorized emergency vehicle” status.
*697 The pertinent part of the trial court’s order granting the motion for new trial provides :
ORDERED and ADJUDGED that the said Motion for New Trial be and the same is hereby granted on grounds 5 and 6 of the aforesaid motion.
The precise question for our determination is:
WHETHER THE TRIAL COURT ERRED IN GRANTING NEW TRIAL TO DEFENDANTS ON GROUNDS THAT THERE WAS NO LEGAL BASIS OR PREDICATE OR EVIDENCE SUPPORTING ITS JURY INSTRUCTION ON RIGHTS AND DUTIES OF “AUTHORIZED” EMERGENCY VEHICLES UNDER THE FLORIDA STATUTES ....
The jury instruction timely objected to by counsel for appellees is :
Authorized emergency vehicle: Vehicles of the fire department (fire patrol), police vehicles and such ambulances and emergency vehicles of municipal departments or public service corporations and ambulances operated by private corporations as are designated or authorized by the Department of Public Safety or the chief of police of an incorporated city or any duly elected sheriff of the various counties ....
The jury instruction given by the trial judge and set out supra tracks verbatim -the language of Section 317.011(1), Florida Statutes, F.S.A., entitled, “Authorized emergency vehicle.” The trial judge continued to instruct the jury as to the rights, privileges and responsibilities of an operator of an authorized emergency vehicle and as to the correlative rights, privileges and responsibilities of the operator of a vehicle on approach of an authorized emergency vehicle. Neither party raises objection as to form or content of the above instruction.
After proper hearing the trial judge decided that he was in error in charging the jury on authorized emergency vehicles as defined in Section 317.011(1), supra, and the correlative rights and duties of an operator of an automobile upon the approach of such vehicle and granted the appellees’ motion for new trial.
We must decide whether, in the light of the record, this decision by the highly regarded trial judge was justified and correct.
The record shows that the accident occurred on August 8, 1968, and, therefore, the case is governed by former Chapter 317, Florida Statutes, now inserted in Chapter 316, Florida Statutes, entitled “Florida uniform traffic control law,” effective January 1, 1972.
It is, of course, fundamental that a charge to a jury should be predicated upon the evidence adduced at the trial and the reasonable inferences arising therefrom. Likewise we recognize that the case law is abundant in Florida to the effect that it takes a stronger showing to overturn an order granting a new trial than it does to overturn an order denying a new trial. Piondexter v. Seaboard Air Line R.Co., Fla.1951, 56 So.2d 905; Pyms v. Meranda, Fla.1957, 98 So.2d 341. We are also cognizant of the law pronounced in the frequently cited case of Cloud v. Fallis, Fla.1959, 110 So.2d 669, in which our supreme court held that ordinarily a trial judge is given a very broad discretion in granting a new trial.
Appellees, both in their brief and at oral argument, place great reliance on Cloud v. Fallis, supra, in support of the trial court’s order granting the new trial. We do not disagree with the law enunciated in the case last cited; however, we cannot agree that its rationale is applicable here. As we read Cloud v. Fallis, supra, it holds that the trial judge has the power to grant a *698 new trial on the ground that the verdict of the jury was contrary to the manifest weight of the evidence in the case. No such finding was made by the trial judge in this case. Ground 3 of the motion for new trial alleged:
The verdict of the jury is against and contrary to the manifest weight of the evidence.
We reiterate that the trial judge granted the motion for new trial on grounds 5 and ó only. In so ruling, in our view, the ap-pellees’ contention that the verdict was contrary to the manifest weight of the evidence was overruled and disallowed. An overview of the testimony adduced at trial clearly. shows that the jury verdict was supported by competent evidence.
The main thrust of appellees’ contention is that the jury instructions objected to were erroneous for the reason that appellant offered no evidence to the jury that the police cruiser operated by the appellant at the time of the accident was an authorized emergency vehicle within the contemplation of the definition thereof set out in Section 317.011(1), supra. Consequently, the appellees aver the trial court committed error in instructing the jury, as a matter of law, that the police cruiser was entitled to the status of an authorized emergency vehicle. The contention of appellant asserts that the instructions are consistent with the law and that the evidence adduced to the jury is adequate upon which to predicate the instructions and, further, that the jury had sufficient and probative evidence before it from which to draw reasonable inferences that the police cruiser was an authorized emergency vehicle.
The case was vigorously and superbly contested in the trial court for three full days. Attorneys representing the parties litigant at the trial level and at oral argument are complimented by the court for the workmanlike and highly professional manner in which they have represented their respective clients. Their judicial labor is appreciated and was most helpful to the court.
The record consists of 800 pages. Many conflicts appear in the testimony. The jury has resolved the conflicts in the exercise of its traditional role of trier of the facts.
The facts pertinent to the question specifically before the court are not in dispute and are summarized as follows:
Appellant, Steven Richard Parker, on August 8, 1968, was employed as a police officer by the Ft. Myers Police Department. While on duty this day he received an emergency call over the radio dispatch system that an automobile accident had occurred on Highway 41 at Cleveland Avenue in the City of Ft. Myers. On route to the scene of the accident he sustained the personal injuries relating to this action filed in the Circuit Court of Lee County which sued appellees, John Albert Chew, Anna Grace Chew, and United States Fidelity & Guaranty Company, a corporation. There is no dispute whatsoever that appellant at the time was driving a clearly marked police cruiser owned by the City of Ft. Myers; that enroute to the scene of the accident the emergency equipment on the said vehicle was operating and functioning, i. e., the rotating lights, flashing lights and siren. Appellees’ counsel forthrightly and candidly admits that the police cruiser was an emergency vehicle, but not an authorized emergency vehicle.
We have meticulously studied the record, analyzed the various points raised in the briefs of the parties and have read and reread the cases set out in their briefs and heard able oral argument. Our research has not disclosed a Florida case precisely on point.
A cursory examination of the statute, supra, as we read it, leads us to the unalterable conclusion that a police vehicle. *699 operating under the factual circumstances shown in the case sub judice, is an authorized emergency vehicle under 317.011, supra. We respectfully submit that any other conclusion would not be consistent with plain common sense.
We cannot agree, as is contended by appellees, that the statute requires that the Department of Public Safety, the Chief of Police of Ft. Myers, or the sheriff of the county, must designate a police cruiser to be an authorized emergency vehicle before it can be classified as such and be entitled to the statutory rights of an authorized emergency vehicle when responding to emergency calls. In construing the statute involved we must, as the Florida case law holds, seek to follow the legislative intent.
The evidence contained in the record and the reasonable inferences arising therefrom, when construed in the light most favorable to appellant-plaintiff, as we must, would be sufficient to justify that the attacked instruction was proper and correct. We hold that the evidence adduced at trial was such that a jury of reasonable men could only have found that the police vehicle operated by appellant was an authorized emergency vehicle. The trial judge’s first decision to give the instruction was right; his second call that he erred in doing so was wrong.
Therefore, for the reasons stated, the trial court’s order granting appellees’ motion for new trial is reversed and the cause remanded to the circuit court with directions to reinstate the verdict rendered in favor of the appellant-plaintiff against ap-pellees-defendants and to enter final judgment thereon.
LILES, A. C. J., and HOBSON, J., concur.