PER CURIAM.
Trial court granted a new trial in a negligence action resulting from an intersection collision between vehicles. Three grounds therefor were assigned:
“(1) The verdict was contrary to the manifest weight of the evidence.
“(2) The court erred in failing to instruct the jury that any award against the defendant Brown should be diminished in the amount proportionate to the negligence of defendant Smith;
“(3) Defendant Smith, having settled for $9,700 and having been clearly at fault, even if the jury was properly instructed the verdict of $35,000 against defendant Brown was grossly excessive.”
We feel that the trial court erred as concerns grounds two and three. Stuart v. Hertz Corporation, 302 So.2d 187 (4th D. C.A.Fla.1974); Issen v. Lincenberg, 293 So.2d 777 (3d D.C.A.Fla.1974).
We have surveyed the evidence with reference to the trial court decision and with particular reference to ground (1). The issues are close as to liability and exces-siveness of damages and it is our opinion that no reversible error has been made to appear by reason of the principles found in Cloud v. Fallis, 110 So.2d 669 (Fla.1959). Dubois Fence & Garden Co. v. Stevens, 296 So.2d 116 (1st D.C.A.Fla.1974)
Affirmed.
WALDEN, CROSS and MAGER, JJ., concur.