PER CURIAM.
The plaintiff, Norman M. Giller, has appealed an order granting a new trial in his action for damages against Donald W. McIntosh. The order of the trial judge is upon the ground that the verdict for the plaintiff was against the manifest weight of the evidence. In this same trial, Donald W. McIntosh was a third party plaintiff against Harold A. Schuler. The order granting motions for new trial also granted the motion of third party defendant Schu-ler for a new trial upon the same ground. McIntosh has appealed the judgment upon his third party complaint which was set aside upon the order for a new trial. The appeals were consolidated for all appellate purposes. We affirm the first appeal and dismiss the second.
The burden of appellant Giller’s argument is that the court abused its discretion by substituting itself in the place of the trier of fact. The broad discretion of a trial court upon the granting of a new trial is evident. See Cloud v. Fallis, Fla. 1959, 110 So.2d 669. It is true, however, *219 that where a clear abuse of discretion is demonstrated, an appellate court has the power to reverse. See North Dade Imported Motors v. Brundage Motors, Fla. App.1969, 221 So.2d 170. In the light of these rules, we have examined this record and have reached the conclusion that there was an ample basis in the record for the trial judge to determine that the judgment could only have been reached by the jury upon a misapplication of the law as given to them in the instructions by the court. We, therefore, hold that no clear abuse of discretion has been shown and the judgment awarding a new trial is affirmed.
The brief of appellant McIntosh urges that the court erred in the amount of the judgment entered for McIntosh against Giller. In view of the order granting new trial, this question is moot.
The orders granting new trial are affirmed.