PER CURIAM.
Appellant, defendant in the trial court, seeks review of an order granting a new trial.
Lee Berger, plaintiff in the trial court and appellee herein, instituted the present action against the defendant-appellant, Ford Motor Company, for injuries sustained as a result of an accident wherein plaintiff was struck and injured by a 1970 Ford Maverick automobile manufactured and sold by Ford. The basis of Ford’s liability was the alleged negligent manufacture or inspection by Ford Motor Company of the master brake cylinder of the subject automobile causing the brakes to fail or, in the alternative, that the defendant Ford breached its implied warranty of the fitness thereof. In response Ford answered and stated as an affirmative defense that the proximate cause of the accident was *615 the negligence of the driver of the automobile over whom Ford had no control.
The case was tried before a jury which returned a verdict in favor of Ford Motor Company. Plaintiff moved for a new trial and the trial judge entered an order granting the motion which reads in pertinent part:
“Having been the trial judge and having heard and considered all the evidence adduced in this five day jury trial and having been in the position to and having made first hand observation of the jury and the witnesses and the evidence adduced during the course of the trial, I am of the opinion that a verdict for FORD MOTOR COMPANY was clearly against the manifest weight of the evidence. Indeed it is clear that negligence and/or a breach of implied warranty on the part of the Defendant, FORD MOTOR COMPANY, was a contributing cause to this accident and to the grievous injuries sustained by the minor Plaintiff, LEE BERGER. The jury verdict cannot stand and a new trial must be and it is hereby Ordered. Therefore it is
ORDERED and ADJUDGED:
“That the Plaintiffs’ Motion for New Trial be and the same is hereby granted.”
Defendant Ford appeals therefrom. We affirm.
We find the following holding in Cloud v. Fallis, Fla. 1959, 110 So.2d 669, 673 dis-positive of the case sub judice:
* * * * He *
“[3] The burden to make error clearly appear is on the appellant. Although when such an attempt is made the record must be examined by the appellate court, the assailant cannot content himself simply to submit the record and expect the order to be upset if the reviewing body finds, in cold type without benefit of any of the circumstances known to the trial judge, and never to be known to the appellate court, that there appears to be some ‘substantial competent evidence’ supporting the verdict.”
******
Although appellant has demonstrated that there is some substantial evidence in the record to support the jury’s verdict, we conclude appellant has not carried its burden of demonstrating that the trial judge clearly abused his sound, broad discretion in granting a new trial. If the trial court determines that the verdict does not comport with the manifest weight of the evidence and the substantial justice of this case, it becomes the duty of the court to grant a new trial. See Cloud v. Fallis, supra.
Accordingly, the order granting a new trial herein appealed is affirmed.
Affirmed.