HERSEY, Judge.
These consolidated appeals respectively concern an original Order and an Amended Order Concerning Motion For Judgment in Accordance With Motion For Directed Verdict, Or In The Alternative, Motion For New Trial. In essence, appellant appeals the granting of a new trial after a jury verdict in its favor.
The trial court’s order found that the jury verdict for appellant was against the manifest weight of the evidence, assigning some eighteen grounds for that conclusion.
No useful purpose would be served by a lengthy recitation of each of those grounds and an analysis of the arguments of counsel with respect to them. A review of those portions of the extensive record called into controversy reveals that this Court is not in a position to hold that reasonable men could not differ as to the reasonableness of the trial court’s action in granting a new trial. The test approved in Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978) was met here. That test, first enunciated in Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959) provides:
When the judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for the truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence or has been influenced by considerations outside the record....
The trial judge is in the best position to determine whether or not the jury has been misled. A cold record renders that task awesome for an appellate court. Only where a clear abuse of discretion can be made to appear should the task even be attempted. We find no such showing here and therefore we affirm,
AFFIRMED.
MOORE and HURLEY, JJ., concur.