NIMMONS, Judge.
Mary Bessent Cote, as the personal representative of the Estate of Michael Bes-sent (plaintiff below), appeals from an adverse judgment entered upon a verdict in *340 favor of the appellee/defendant.[1] This was a civil suit for damages for the wrongful death of plaintiff’s decedent, Michael Bes-sent, against the defendant, Michael Jow-ers, who the plaintiff claims either carelessly and negligently, or willfully, intentionally and maliciously, shot and killed Bessent. The defendant answered, admitting that he intentionally shot Bessent but claiming that he did so in self defense.
Appellant claims, among other things, that the trial court erred in denying her motion for new trial on the grounds that the verdict was contrary to the manifest weight of the evidence. We disagree.
At the time of this unfortunate incident, Bessent was trespassing on the property of his second former wife, Deborah Bessent. He had been harassing and cursing her and was abusive.[2] He was told to leave. He did not. He remained in the front yard with his motorcycle. When appellee/Jow-ers arrived home and learned of Bessent’s presence and of his offensive conduct, Jow-ers went out to the front yard and asked that Bessent leave.[3] Instead of leaving, Bessent approached Jowers and shoved him. Jowers responded by striking Bes-sent. The two men scuffled until Jowers was finally able to pin Bessent to the ground. Jowers released Bessent when the latter agreed to calm down and leave. But as soon as Jowers released him, Bes-sent began kicking Jowers. Jowers ran into the house, closed the door and told Deborah, to call the police. She and a neighbor, who had also witnessed the altercation, already had the police on the telephone.
Bessent had chased Jowers to the house and was yelling and trying to beat the front door down. Jowers obtained a pistol from his dresser drawer. He went to the front door, opened it slightly, told Bessent to leave the premises, told him that the police had been called and displayed the pistol.
Instead of leaving, Bessent persisted and managed to force the front door open. He approached Jowers and backed Jowers all the way across the living room. Jowers was pointing the pistol at Bessent. While approaching Jowers menacingly, Bessent taunted Jowers saying, “What are you going to do with that, big boy? Come on, come on.” Jowers told Bessent not to come any closer or he would pull the trigger. At that point, Bessent lunged at Jow-ers who pulled the trigger, fatally wounding Bessent in the chest.
The above facts are uncontradicted. Clearly, the trial court did not err in rejecting the plaintiff’s argument that the verdict was contrary to the manifest weight of the evidence as that standard has been articulated in Cloud v. Fallís, 110 So.2d 669 (Fla.1959). See also Wackenhut Corporation v. Canty, 359 So.2d 430 (Fla. 1978); 38 Fla.Jur.2d New Trial § 48. No citation of authority is needed for the proposition that the law does not demand that we employ heroic efforts at the risk of life and limb to protect those who would break into our homes and assault us.
The appellant also complains of the trial court’s denial of six requested jury charges regarding “self defense” and “privilege.” We find no error in such denial as the requested instructions are repetitive of those given by the court, inapplicable and unsupported by the evidence, or fail to accurately state the law.
We have examined and find without merit the remaining points urged by the appellant.
AFFIRMED.
THOMPSON, J., concurs.
SHIVERS, J., dissents with written opinion.

. Mary Bessent Cote was Michael Bessent’s first wife. They had one child who survived Bes-sent's death.

. At the time, there was an outstanding order enjoining Bessent from exercising visitation with his children if he had consumed alcoholic beverages within 24 hours prior to such visitation. This was an unannounced visitation on a day that was not ordinarily one of his visitation days.

.Jowers was a Marine Corps sergeant who, at the time, was living on the subject premises. He and Deborah were subsequently married.