PER CURIAM.
Appellant here, plaintiff below, filed her complaint against the defendant charging negligent injury of her minor son. After a jury trial a verdict for $5,000 was returned in her favor. On a motion for a new trial the trial court granted the same on the ground that the verdict was contrary to the manifest weight of the evidence and contrary to the law and to the evidence. On the plaintiff’s appeal from the trial court’s order we have only one question to decide, and that question is whether or not the trial court abused its discretion in granting a new trial.
The defendant was operating his auto.mobile on January 10, 1955, late in the afternoon, in a northerly direction on Tamarind Avenue in the City of West Palm Beach, Florida. He had been required to stop for a traffic light two blocks before the accident, which occurred at the vicinity of Tamarind Avenue and Tenth Street. As he approached Tenth Street, an uncontrolled intersection, he observed several school children waiting on a corner to cross Tamarind Avenue. The testimony is conflicting at this point as to his speed and as to the school signs. There was evidence that his car skidded 27 feet and struck plaintiff’s minor son, age seven. If the school signs were up, and there is conflict of testimony on this, the speed limit at the scene of the accident was 15 miles per hour, otherwise, it was 25. There was some testimony, and this was in conflict also, as to the speed of the defendant’s car, but regardless of the conflict he was proceeding between 15 and 35 miles per hour.
The question of the extent of the trial judge’s discretion in granting a new trial for the reason that the verdict is against the manifest weight of the evidence has been before our Supreme Court numerous times and has been before this court on several occasions. We realize that there is an “area of doubt” that is manifest in áll the cases deciding this question. Cloud *859 v. Fallis, Fla.App., - So.2d -, -. Since the trial court granted a new trial in this case on the question of the manifest weight of the evidence it is essential that this court consider and determine what constitutes the manifest weight of the evidence.
In the case of Grand Assembly of Lily White Security Benefit Association, Inc., v. New Amsterdam Casualty Co., Fla.App. 1958, 102 So.2d 842, this court had the identical proposition to consider and in that case they considered the case of Schneiderman v. Interstate Transit Lines, Inc., 331 Ill.App. 143, 72 N.E.2d 705, 706, in which the Appellate Court of Illinois declared that “manifest means clearly evident, clear, plain, indisputable.” Our court went on to say in that decision:
“ * * * This same rule was reiterated and consistently followed in a number of decisions by the Illinois court, which are cited in 26 Words and Phrases, Manifest Weight of Evidence, in Cumulative pocket part. These decisions are all to the effect that in order to disturb a verdict it must be 'against the manifest weight of the evidence’ and that is one of the well recognized grounds approved by our Court but our Court has approved granting motions for new trial if the verdict is not in accord with the manifest weight of the evidence. It should be noted that the ground of the motion was that the verdict was not ‘in accord with the manifest weight of the evidence’.” [102 So.2d 846.]
The court in the instant case granted the motion because the “verdict is contrary to-the manifest weight of the evidence”, and did not say in its order that the verdict was “not in accord with the manifest weight of the evidence”. Using the Illinois rule it seems clear that in order to grant a new trial in the instant case, the evidence must have been evident, clear, plain and indisputable. The defendant admits that he was travelling at a rate of speed in excess of 15 miles per hour. He stated:
“Q. ■ Now, as you proceeded north and approached the intersection with Tenth, what then was your speed? A. It wasn’t, I figured from past experience and my driving running around, sixteen, seventeen miles an hour, nothing more than that.”
There is a section of the West Palm Beach Code, Section 26.30, that provides as follows:
“It shall be unlawful for any person to drive or operate any vehicle in a reckless manner or at such a rate of speed as to endanger pedestrians or other vehicles or users of the streets. The operation of any vehicle at a rate of speed greater than fifteen miles per hour in a school zone, during the times when appropriate, signs notice thereof are placed on or near the street, or at a rate of speed greater than twenty-five miles per hour at other times and places, shall be prima facie evidence that such vehicle was operated in a reckless manner.”
There were other witnesses who testified that the defendant was travelling at a faster speed than this but, irrespective of the testimony, it was in the evidence that he skidded 27 feet from which a jury could infer his actual speed. It will be found on reading the record that the case when read as a whole preponderates in favor of the plaintiff and this court cannot see from the evidence that the test given in Schneiderman v. Interstate Transit Lines, Inc., supra, was met. It was a typical jury case and the jury having found for the plaintiff, we can see no basis upon which the trial court could rule that the verdict was contrary to the manifest weight of the evidence, and so we have to hold that this case is governed by Grand Assembly of Lily White Security Benefit Association, Inc., v. New Amsterdam Casualty Co., supra, and Jordan Furniture *860 Company v. Goggans, Fla.1958, 101 So.2d 114.
We must therefore hold that the order granting a motion for a new trial be reversed with directions to enter a judgment on the verdict of the jury.
ALLEN, Acting Chief Judge, SHANNON, J., and GERALD, LYNN, Associate Judge, concur.