SHANNON, Judge.
The appellant, plaintiff below, filed her complaint and sought damages against the defendant for injuries she received as a result of a collision involving a car which she was driving and a truck belonging to the defendant. The jury returned a verdict for plaintiff and the defendant filed a motion for new trial and a motion for judgment notwithstanding verdict. After a hearing the court below granted a new trial and denied the motion for judgment notwithstanding verdict. The plaintiff appealed and the defendant assigned as cross error the failure of the court to enter a judgment for the defendant notwithstanding the verdict.
*202 In the order granting a new trial the trial court sets out two grounds, to-wit: one, the verdict was contrary to the manifest weight of the evidence, and two, it is shown by the manifest weight of the evidence that Peggy Erlacher was guilty of negligence proximately contributing to the accident.
The facts, even though in conflict, were quite simple. The defendant’s truck was proceeding in a westerly direction on State Road No. SO and the plaintiff’s car was proceeding in a northerly direction on Hiawasse Road. It was in the afternoon and was or had been raining so that the roadway was wet. Mrs. Erlacher was on a stop street and operating her automobile, came to a stop sign and stopped, then, according to her testimony, she “inched up a little further so that you could see both ways on the highway” and she had proceeded to turn her car to the east slightly. 'When she first looked to her right she noticed two cars and a truck on their own proper side of the road, then she looked west and saw no traffic, and then as she looked back east, she saw the defendant’s truck was on the south side of the road and attempting to pass another car. She testified that her car was at least eight feet from State Road No. SO. She further testified that when her car was at an angle to the right, one of her passengers exclaimed, “Peggy, we are all going to be killed.” Her testimony is supported by passengers who were in her car when the accident occurred. At the time of the accident her car was in a stopped position. There is some confusion about where her car was stopped at the time of the collision. She testified that she had looked over the scene of the accident a few days before the trial, together with another of the witnesses, and that there was a difference of opinion among them. From the defendant’s standpoint the driver testified that he had pulled out of his right hand •side of the road to pass a vehicle ahead of him at which time he was at least a quarter of a mile from the intersection. He further testified that when he was on the left hand side of his road, he noticed Mrs. Erlacher’s car pull up at the intersection and stop and then, as he states:
“ * * * pulled on out into 50 to turn East, going toward Orlando and she stopped and sat right there and didn’t get back over and then the car on the right speeded up and she was sitting parked way out in my lane, this left lane when I was passing and the only thing I could do was to run over the car over here or try to go between them and I done the best that I could.”
He further testified that the Erlacher car was out on the highway two and a half or maybe three feet. He also testified that when he first saw the Erlacher car he was some five hundred feet from it and on the left side of the highway and the car to his right speeded up from the time he attempted to pass it so he put his brakes on. When he applied his brakes he was going at approximately forty-five miles per hour and, due to the wet pavement, the truck slid sideways. The patrol officer testified that in his opinion, based on the dirt and debris, the collision took place at a time when the Erlacher car was approximately three or four feet on the highway. The evidence also showed that there was a solid line in the middle of the highway and extending back in a direction from which the defendant’s truck was approaching. The defendant’s truck driver had testified that at the time he started to pass the other car he had not as yet reached this line.
When we look at this case from the defendant’s position we have the Erlacher car in a stopped position slightly turned to her right two and a half or three feet on the highway. The defendant’s driver, who was trying to pass a car on his left hand side of the highway, and about five hundred feet from the intersection, put on his brakes and the truck slid, whereupon the driver accelerated, to pull out of the slide, into the collision. Under the facts this was a typical jury case.
*203 As was said in Jordan Furniture Company v. Goggans, Fla.1958, 101 So.2d 114, 116:
“ * * * We recognize that an order of a trial judge granting a motion for a new trial is accorded a strong presumption of correctness because of the broad discretion allowed to him in his review of the case in the light of his direct contact with the trial. However, it is our view of the instant case that although it may be said that the truck driver was guilty of some negligence it cannot be concluded as a matter of law that his negligence, such as it was, necessarily constituted a proximate cause of the collision.
“We must, therefore, hold that the order granting the motion for new trial is reversed with directions to enter a judgment on the verdict of the jury.”
In Wells v. Pope, Fla.App.1958, 104 So.2d 858, 859, we had occasion to study a majority of the cases involving the principle that we have here. In that opinion we reversed a judgment granting a new trial and in so doing stated:
“In the case of Grand Assembly of Lily White Security Benefit Association, Inc. v. New Amsterdam Casualty Co., Fla.App.1958, 102 So.2d 842, this court had the identical proposition to consider and in that case they considered the case of Schneiderman v. Interstate Transit Lines, Inc., 331 Ill.App. 143, 72 N.E.2d 705, 706, in which the Appellate Court of Illinois declared that ‘manifest means clearly evident, clear, plain, indisputable.’ Our court went on to say in that decision:
“ ‘ * * * This same rule was reiterated and consistently followed in a number of decisions by the Illinois court, which are cited in 26 Words and Phrases, Manifest Weight of Evidence, in Cumulative pocket part. These decisions are all to the effect that in order to disturb a verdict it must be “against the manifest weight of the evidence” and that is one of the well recognized grounds approved by our Court but our Court has approved granting motions for new trial if the verdict is not in accord with the manifest weight of the evidence. It should be noted that the ground of the motion was that the verdict was not “in accord with the manifest weight of the evidence”.’ ”
In the instant case, in the order granting new trial, the language of the trial court was “the verdict is contrary to the manifest weight of the evidence.” Irrespective of the language used, manifest means clearly evident, clear, plain and indisputable. In reading this record, and by applying to it the principles which have been enunciated by our Supreme Courts the jury had sufficient evidence before it to-justify its verdict in this case and the testimony on behalf of the defendant does-not greatly outweigh plaintiff’s if it outweighs it at all.
Insofar as the contributory negligence of Mrs. Erlacher is concerned, it will suffice to say that if any was shown, it was passed upon by a properly instructed jury, and we see no reason to disturb their finding.
On the defendant’s cross assignment the court’s order in denying it was proper under the circumstances.
We must therefore hold that the order granting the motion for a new trial be reversed with directions to enter a judgment on the verdict of the jury.
KANNER, C. J., and ALLEN, J., concur.