PER CURIAM.
Appellants, personal injury plaintiffs below, appeal an order of the trial judge granting appellees a new trial on the ground the jury’s verdict was excessive. Appellants presented evidence of the appel-lee’s negligence and damages, including testimony of appellant Glenna Fae Hope, her relatives and friends, concerning her inability to live as previously the lifestyle she enjoyed: she was in continuous pain, no longer able to jog or swim due to muscle spasms in her back and legs, and, because of her injuries, her feet had turned in and she became pigeon-toed. Her chiropractor testified, without objection, that she had suffered a permanent back injury within a reasonable degree of medical certainty which would require treatment for an indefinite period in the future. Evidence was also presented as to the value of appellant Cotton’s automobile, driven by appellant at the time of the accident. The appellee presented no evidence of its own. The jury found appellee 70% negligent and appellant Hope 30% negligent, assessing her damages at $200,000 and appellant Cotton’s damages at $1,500. The trial court’s order on the appellee’s motion for new trial stated that the jury’s verdict was excessive “based on the evidence.”[1]
We agree with the appellant that it was error to grant the motion for new trial. A party áttacking a verdict as excessive “has the burden of showing it is unsupported by the evidence or that the jury was influenced by passion or prejudice.” Bould v. Touchette, 349 So.2d 1181, 1184 (Fla. 1977). Accord Corbett v. Seaboard Coastline R. Co., 375 So.2d 34 (Fla.3d DCA 1979). There was ample evidence demonstrating appellant Hope’s injuries were permanent. The trial judge did not find and the appel-lee does not argue that the jury was influenced by passion, prejudice or matters outside the record. Thus, the order for new trial was erroneous. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980), is not on point. There, the Supreme Court reversed this court’s decision which had reversed the trial court’s order directing a new trial on the issue of damages. However, the trial court had cited more than excessiveness of the verdict “based' on the evidence” in ordering a new trial. The order stated that the jury had considered *677 matters outside of the record and that the plaintiff’s counsel had made an improper “Golden Rule” argument to the jury in closing. In cases such as Baptist Memorial, supra, appellate courts are not to reverse a trial court’s order for a new trial absent an abuse of discretion.
Reversed with instructions that the jury’s verdict be reinstated.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.

. The order did not state why the court considered the evidence on damages excessive. If it was bottomed on a belief that medical testimony was essential to support a finding of-permanent injury, it was clearly erroneous. The Florida Supreme Court has recently held that expert medical testimony is not a prerequisite to the introduction of mortality tables and the giving of a jury instruction on future damages. Sullivan v. Price, 386 So.2d 241 (Fla. 1980).