DANAHY, Judge.
The plaintiffs in this personal injury suit appeal from an order granting a new trial on the issue of damages only. The defendants cross-appeal, asserting that a new trial should have been granted on the issue of liability as well. We reverse as to the appeal and affirm as to the cross-appeal.
The plaintiffs are a minor, Kenny Con-nell, and his mother. They brought this suit to recover damages for personal injuries sustained by Kenny when his bicycle was struck by defendant DuBose’s automobile.[1] Prior to the accident, Kenny was a healthy 8-year old boy of average intelligence and skills. His injuries included severe and permanent brain damage. As a result, Kenny is both mentally and physically handicapped. He has and .will have severe emotional problems by reason of these handicaps. There was expert testimony that Kenny’s optimum academic level is that of a 5th grade student. His prospects for future employment are poor. He will require special education, continued medication until at least the age of twenty-one, and psychological help.
The jury returned a verdict finding defendant DuBose 55% at fault in the accident. The jury assessed Kenny’s damages at $1,750,000 and his mother’s damages at $250,000. After lengthy and careful deliberation, the trial judge determined that a new trial should be granted on the issue of damages. He entered an order explaining his reasons, as required by Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978). The defendants argue that the trial judge’s decision was a discretionary act to be tested by the standard of reasonableness set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), which is applicable to the discretionary granting of a new trial. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980).
The language of the new trial order, however, shows clearly that the cornerstone of the trial judge’s decision was his opinion *438 that the award of damages to Kenny’s mother was excessive because unsupported by the evidence. We agree with our sister court of the first district that the standard of reasonableness applicable to a discretionary judicial act is inappropriate in such a situation. Hope v. Louisville & N. R. Co., 389 So.2d 675 (Fla. 1st DCA 1980).
We agree with the plaintiffs that there was evidence in the record to support the jury’s award to Mrs. Connell and that it was not so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). The defendants have not persuaded us that a new trial should otherwise have been granted. Accordingly, we reverse the order granting a new trial and remand with directions that final judgment be entered in accordance with the verdict.
REVERSED AND REMANDED.
RYDER and CAMPBELL, JJ., concur.

. The accident occurred prior to July 1, 1977, so that section 768.043, Florida Statutes (1979), is not applicable to the granting of a new trial in this case on the issue of damages. Ch. 77-468, § 45, Laws of Florida.