HURLEY, Judge.
This appeal involves an employer’s vicarious liability for punitive damages under the doctrine of respondeat superior. We are compelled to reverse part of the final judgment because the trial court permitted the jury to award punitive damages against the employer without the necessity of finding some employer fault.
This is an intentional tort case arising out of an altercation over the right to possess a small yacht. The plaintiffs, Ray and Beverly Starr, went to Jackson Marine Sales, Inc. (“Jackson Marine”) to retrieve their boat. While there, they were accosted by Leo Geary, an employee of Jackson Marine. Among other things, Geary held Mr. Starr at gunpoint. Later, Geary testified that he was merely doing his job. Other evidence suggested that he was acting with the approval or pursuant to orders of his employers.
The Starrs filed suit against Geary and Jackson Marine for assault, battery, false imprisonment, and intentional infliction of emotional distress. In addition, the Starrs alleged negligent hiring by Jackson Marine. They later dropped the negligent hiring count and amended their complaint to include other allegations of fault by Jackson Marine in its capacity as Geary’s employer. At oral argument, Jackson Marine conceded that the allegations of the complaint were sufficient to raise the issue of employer fault.
*1137 The case was tried before a jury which returned a verdict for the plaintiffs on each count; the verdict awarded compensatory and punitive damages against both Geary and Jackson Marine. The trial court entered a judgment in accordance with the verdict and this appeal ensued.
Jackson Marine maintains that the trial court erred by allowing the jury to award punitive damages based solely on the doctrine of respondeat superior without a finding of some fault by the employer. We agree; the jury instructions on this point were fatally defective. The Florida Supreme Court recently clarified the principles of law to be applied in respondeat superior eases as follows:
(1) An employer is vicariously liable for compensatory damages resulting from the negligent acts of employees committed within the scope of their employment even if the employer is without fault. This is based upon the long-recognized public policy that victims injured by the negligence of employees acting within the scope of their employment should be compensated even though it means placing vicarious liability on an innocent employer. (2) Punitive damages, however, go beyond the actual damages suffered by an injured party and are imposed only as a punishment of the defendant and as a deterrent to others. (3) Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part. (4) Although the misconduct of the employee, upon which the vicarious liability of the employer for punitive damages is based, must be willful and wanton, it is not necessary that the fault of the employer, independent of his employee’s conduct, also be willful and wanton. It is sufficient that the plaintiff allege and prove some fault on the part of the employer which foreseeably contributed to the plaintiff’s injury to make him vicariously liable for punitive damages.
Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 549 (Fla. 1981); see also Life Insurance Co. of North America v. Del Aguila, 417 So.2d 651 (Fla.1982).[1]
In the present case, and over Jackson Marine’s objections, the jury was allowed to assess punitive damages against the employer without finding employer fault. The plaintiffs contend that the trial court acted properly and attempt to distinguish Mercury Motors on the ground that this case concerns intentional torts rather than negligence. After carefully considering Mercury Motors, we conclude that the principles enunciated there were intended to apply in both intentional tort and negligence cases insofar as vicarious punitive damages are concerned. Accordingly, we conclude that the trial court erred.
Anticipating our agreement on the first point, Jackson Marine further argues that the cause should be reversed and remanded to the trial court with instructions to enter a verdict in favor of Jackson Marine on the issue of its vicarious liability for punitive damages. The argument is premised on two theories: (a) the plaintiffs failed to introduce any evidence of employer fault, and (b) the trial court made an explicit finding to this effect. We do not agree.
Taking the arguments in converse order, we consider the contention that the trial court made a finding of no employer fault. This is based on statements made by the trial court when it refused to give a proposed plaintiffs’ jury instruction. The proposed instruction stated: '
If you find for Plaintiffs and find also that either Defendant you found to be liable to Plaintiffs acted with malice, moral turpitude, wantonness, or reckless indifference to the rights of others, you may, in your discretion, assess punitive damages against such Defendants as punishment and as a deterrent to others .... [emphasis added].
*1138 The court modified the instruction by deleting the emphasized portion and substituting the name Leo Geary.[2] In making this change, the court said, “there is no evidence which would support a verdict for punitive damages against Defendant, Jackson Marine Sales by reason of any acts other than the acts of the employees, which makes the [requested] charge a little bit confusing.”
We interpret this statement as a finding that there was no evidence to support a punitive damage award against Jackson Marine except on a vicarious liability theory. We do not interpret the court’s statement as a finding that there was insufficient evidence of employer fault to justify vicarious liability for punitive damages. The proposed instruction spoke of “malice, moral turpitude, wantonness or reckless indifference,” not of “some fault” by Jackson Marine. We believe the trial court could have properly rejected the instruction without deciding whether the plaintiffs had introduced sufficient evidence of “some fault” on the employer’s part.[3]
As for the argument that plaintiffs failed to introduce any evidence of employer fault and that the trial court erred by not granting a directed verdict in favor of Jackson Marine, we have scrutinized the record and find that although the evidence of employer fault is somewhat sparse, it is sufficient to withstand a motion for directed verdict and, thus, to create a jury question. See McDaniel v. Great Atlantic & Pacific Tea Co., 327 So.2d 893 (Fla. 3d DCA 1976).
We have reviewed appellants’ other points on appeal and conclude they are without merit.
To summarize, we hold that the jury instructions were fatally defective because they omitted the requirement that there be proof of some fault on the part of the employer before it could be held vicariously liable in punitive damages for the tort of an employee. Consequently, we reverse and remand for a new trial on the question of Jackson Marine’s liability for punitive damages and the proper amount, if any, of such damages. In all other regards, we affirm.
REVERSED IN PART; AFFIRMED IN PART.
DOWNEY and BERANEK, JJ., concur.

. We note that the Florida law governing vicarious liability was unsettled when this case went to trial and that the trial court’s actions were supported by some case law.

. As ultimately given, the instruction provided:
If you find Leo Geary to be liable to the Plaintiffs and that he acted with moral turpitude, wantonness or reckless indifference to the rights of others, you may, in your discretion, assess punitive damages against such Defendant as punishment and as a deterrent to others.

. Our interpretation of the trial court’s ruling makes it unnecessary to address Jackson Marine’s argument that the plaintiffs cannot attack the trial court’s ruling because they did not file a cross-appeal.