FERGUSON, Judge.
Appellant, who was eighty-one years old at the time of this accident, slipped and fell while a patron in appellee’s place of business; she suffered a broken hip which required surgery and extended hospitalization. After trial, a jury returned its verdict on a printed form which read, essentially:
1. Was there negligence on the part of the Defendant? Yes.
2. Was there negligence on the part of the Plaintiff? Yes.
3. What percentage of negligence should be charged to the Plaintiff and to the Defendant?
Plaintiff 90%.
Defendant 10%.
TOTAL RESPONSIBILITY OF ALL PARTIES MUST BE 100%
4. What is the total amount of damages sustained by Plaintiff and caused by the accident?
Total damages of Plaintiff $225.000
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of Plaintiff. If you have found Plaintiff negligent in any degree, the Court in entering Judgment will reduce the total amount of damages (100%) by an appropriate amount.
SO SAY WE ALL this 1st DAY OF December, 1981.
/s/ John J. Malloy
FOREMAN OR FOREWOMAN
After completing the printed portion of the special verdict form, the jury, in disregard of the last instruction on the form, calculated and wrote in the amount of damages due to plaintiff consistent with the total amount of damages and the percentage of fault attributable to both parties:
“According to our interpretation of question number four, we, the jury, decide to award the Plaintiff $22,500.00, notwithstanding the percentages in question number three.”
The jury was then polled and they each acknowledged the verdict as theirs. The court inquired whether there were any motions before discharge of the jury, to which, counsel for the appellee asked that the jury be again polled as to the total amount of damages sustained. Each of the jurors again indicated that the total amount of damages was $225,000. Ruling that the written portion of the verdict was inconsistent with the instructions, the court then gave the jury a second verdict form and sent them back into the jury room. After a short period the jurors returned with the new verdict form which found total damages of $22,500, upon which Final Judgment was entered, and from which this appeal is brought.
We agree with appellant that the jury’s first verdict was clear and consistent. The handwritten addendum merely made a correct calculation, precisely what the trial judge would have done subsequently. It is no basis for discarding an otherwise consistent and unambiguous verdict that the jury, in order to make clear its intentions, did more than it was required to do. There was no confusion from the face of the verdict or the ensuing colloquy; it began when the trial judge rejected the first verdict, which confusion was obviously a result of the rejection. See Schumer v. Becker, 389 So.2d 282 (Fla. 3d DCA 1980) (where jury’s decision was clearly stated in the verdict, an inquiry which went beyond polling the jury suggested that the decision was incorrect and caused confusion, therefore, original verdict would be reinstated).
Reversed and remanded with instruction to enter judgment based on the original verdict.