LEHAN, Judge.
We affirm the partial final summary judgment denying appellant, plaintiff below, the right to punitive damages in this suit for wrongful repossession by a creditor of collateral security, a logging machine. (All of the remaining portions of the lawsuit were voluntarily dismissed.)
Plaintiff claimed damages arising out of the loss in value of the security at its sale by the creditor due to alleged damage caused to the machine when it was repossessed and disassembled preparatory to being removed from the debtor’s premises for transportation to another location for sale. The disassembly was accomplished by a third party hired by the creditor. Contrary to plaintiff’s contentions, there was no.evidence that the creditor in hiring that third party was guilty of some fault which fore-seeably contributed to plaintiff’s damages so as to make the creditor liable in punitive damages for wrongs done by that third party. See Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla.1981).
Even if there had been evidence of the above referenced type, there was no evidence that the acts of the third party were of a nature, such as those described in White Construction Co., Inc. v. Dupont, 455 So.2d 1026 (Fla.1984), to justify an award of punitive damages.
Affirmed.
OTT, A.C.J., and SCHOONOVER, J„ concur.