480 So.2d 108 (1985)
CROWN CORK & SEAL COMPANY, INC., Appellant/Cross-Appellee,
v.
Howard F. VROOM, Carolyn J. Vroom, Scott A. Vroom, Paul A. Vroom, a Minor, by and through His Next Friend and Father, Howard J. Vroom, and Nina Padgett, by and through Her Next Friend and Mother, Carolyn J. Vroom, Appellees/Cross-Appellants.
No. 84-2396.
District Court of Appeal of Florida, Second District.
November 1, 1985.
Rehearing Denied December 27, 1985.
*109 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant/cross-appellee.
Paul A. Lehrman and Randall E. Denker, Lehrman & Denker Law Offices, Tallahassee, for appellees/cross-appellants.
LEHAN, Judge.
This is a suit against Crown Cork & Seal Company, Inc. for personal injuries and damage to certain real property allegedly resulting from contamination of well water on the property due to the improper dumping of hazardous waste materials on adjacent property by parties engaged by Crown to dispose of those wastes. The plaintiffs were Mr. and Mrs. Howard F. Vroom and their three children. The jury returned a verdict of $40,000 against Crown in favor of Mr. Vroom and awarded nothing to the other plaintiffs. The trial court granted a new trial on compensatory damages only.
On appeal Crown contends that the trial court erred in granting a new trial. Crown also contends that the trial court erred in refusing to authorize a setoff against damages suffered by plaintiff in the amount of the portion of the $50,000 settlement attributable to Mr. Vroom which plaintiffs had received from co-defendant Gray Trucking Company prior to submission of the case to the jury in settlement for Gray's alleged part in the matter. Gray was one of the parties which had been engaged by Crown to dispose of the wastes. As explained below, we must agree with those contentions and reverse in those respects. We need not address appellant's additional contentions which were made only in the event the order of a new trial were affirmed.
The trial court declined to allow the setoff on the basis that a party who is *110 found liable under a strict liability theory in a suit against multiple parties has an independent liability and is, therefore, not entitled to the benefit of a setoff against the damages caused by that party for the amount of the damages paid by another party. No authority for that proposition was cited by the trial court and no such authority has been cited to us by appellee. Nor do we conclude that the proposition is valid in this case. To the contrary, section 46.015(2), Florida Statutes (1983), provides:
At trial, if any person shows the court that the plaintiff, or his legal representative, has delivered a written release or covenant not to sue to any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment.
No exception is made in the statute for a judgment founded upon strict liability or, for that matter, upon any particular theory of liability. The record does not reveal what portion of the $50,000 was received by Mr. Vroom. On remand the trial court should conduct further proceedings to establish the amount of that portion and should then set off that amount against the judgment rendered in favor of Mr. Vroom.
The test by which to determine whether a trial court erred in ordering a new trial is not simply whether the verdict was supported by competent evidence. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). A trial court's order of a new trial may be reversed only for an abuse of the broad discretion vested in trial courts in that regard. Ford Motor Company v. Kikis, 401 So.2d 1341 (Fla. 1981). On the other hand, in an order of a new trial the trial court "must give express reasons which will support his finding that the verdict is either against the manifest weight of the evidence or was influenced by consideration of matters outside the record." Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla. 1980); Florida East Coast Railway Co. v. Walker, 429 So.2d 1327 (Fla. 5th DCA 1983). A finding only that a verdict is contrary to the evidence or is based upon insufficient evidence does not adequately support a new trial order. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Reams v. Vaughn, 435 So.2d 879, 881 (Fla. 5th DCA 1983).
We believe the foregoing principles require our reversal of the order of a new trial. There was competent evidence to support the verdict. The trial court made no express finding that the verdict was against the manifest weight of the evidence. But we need not address whether the absence of such a finding necessarily renders a new trial order erroneous. To the extent the new trial order in this case could be argued to have, in effect, found the verdict to be against the manifest weight of the evidence there was, in our view, an abuse of the trial court's discretion. For reasons further explained below, we conclude that the standard by which to measure the propriety of a trial court's exercise of discretion was not met because reasonable men could not differ that the verdict was not against the manifest weight of the evidence. See Kikis, 401 So.2d at 1342. Stated otherwise, reasonable men could not differ that it was not clear, plain and indisputable that plaintiffs should have been awarded damages for personal injuries. See Erlacher v. Leonard Bros. Transfer, 106 So.2d 201, 203 (Fla. 2d DCA 1958); Grand Assembly of Lily White Security Benefit Ass'n v. New Amsterdam Casualty Co., 102 So.2d 842, 846 (Fla. 2d DCA 1958). There is no indication, and no finding by the trial court, that the verdict was influenced by matters outside the record.
The order stated that "[t]here was no evidence upon which reasonable persons could have concluded that these various symptoms were caused by anything other than exposure to the drinking water." But there was testimony as to the existence of other causes of at least certain of those symptoms. In any event, even assuming the correctness of the foregoing statement, that does not directly address the basic *111 issue. The basic issue was whether those symptoms were caused by the chemicals from the hazardous wastes in the drinking water. There was substantial evidence that they were not. A toxicologist, an expert witness for defendant, testified that the levels of the chemicals in plaintiffs' well water were far too low to have been either acutely or chronically toxic.
In the new trial order it was also stated that:
It has been suggested that it is quite likely that the award to Mr. Vroom was caused by the jury's disbelieving all evidence of medical damage and then awarding him a sum to compensate him for the loss of value to the land. There appear to be two problems with this approach. The first, and perhaps least weighty of these, is that arguably he is in any event, even if he suffered no injuries, entitled to recover medical expense, as would be his sons also. More important in the court's mind is the fact that the property was jointly owned and any award based on the diminishment in the value of the land would flow both to Mr. Vroom and Mrs. Vroom.
However, if Mr. Vroom was found to have suffered no injuries from defendant's actions, it is not at all clear how he would then have been entitled to recover his medical expenses. Also, as apparently agreed, or at least undisputed, by plaintiffs and defendant, there was no evidence that the property was owned jointly. Indeed, the indications were that the property was owned solely by Mr. Vroom. There was evidence that after the property had been purchased while he was married to his former wife with whom he lived on the property, he was divorced and was remarried to the present Mrs. Vroom with whom he continued to live on the property. There was no evidence that he had ever conveyed an interest therein to the present Mrs. Vroom.
The trial judge in his order further noted that:
Although there is not an exact correlation, the defendant's appraiser did testify to figures on land value that are close to the amount of the verdict. Although it is impossible to know the jury's reasons, the Court suspects that they may well have been confused about the ownership of the land.
Accordingly, the $40,000 verdict to Mr. Vroom could well have been for the loss in the value of his land with nothing being awarded to him for personal injuries. Thus, the award of no damages to Mrs. Vroom and the children was not inconsistent with the verdict with respect to Mr. Vroom. Further, a trial court's mere suspicion of jury confusion does not support a new trial order. See International Insurance Co. v. Ballon, 403 So.2d 1071, 1073-74 (Fla. 4th DCA 1981).
We respect the views of the trial judge who was present at the trial and heard and saw the witnesses. We recognize that an order of a new trial is clothed with a presumption of correctness. We additionally recognize that plaintiffs' expert testimony to the effect that plaintiffs' personal injuries were caused by the contaminated well water was strong. However, that testimony was subjected to substantial cross-examination which cannot be said to have not legitimately affected the jury's perceptions which were reflected by the verdict. And certainly the above referenced testimony by defendant's expert toxicologist was also strong. That the number of plaintiffs' expert witnesses in this regard exceeded defendant's is not determinative. Under the circumstances of this case we must conclude that the trial judge invaded the province of the jury to the extent that he chose plaintiffs' expert testimony over defendant's expert testimony. That he, in effect, so chose may be a fair assumption in light of our foregoing conclusions as to the stated reasons in the new trial order and the foregoing conflicting expert testimony. The broad discretion vested in trial courts in the granting of new trials is not unfettered. See Reams; Walker; Ballon. If it were, a new trial order would be totally beyond the appellate *112 review which we are charged to accomplish.
On cross-appeal plaintiffs contend that the trial court erred in employing the difference between the value of the land before and after the contamination as the measure of property damages and in refusing to permit the cost of restoration as the measure. We disagree. See Atlantic Coast Line Railroad v. Saffold, 130 Fla. 598, 178 So. 288 (1938); Clark v. J.W. Conner & Sons, Inc., 441 So.2d 674 (Fla. 2d DCA 1983); United States Steel Corp. v. Benefield, 352 So.2d 892 (Fla. 2d DCA 1977). Even if the law were not established in this regard, we would not be persuaded that the cost of restoration would have been a fair and proper measure of damages in this private suit. See Benefield.
Plaintiffs also contend on cross-appeal that there was error in the failure to award vicarious punitive damages against Crown. We disagree. Even if the evidence would have supported such a damage recovery, which is not at all clear, see Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981); Adams v. Barnett Bank, 469 So.2d 250 (Fla. 2d DCA 1985), no jury instruction regarding vicarious punitive damages was requested. See Geary v. Starr, 418 So.2d 1135 (Fla. 4th DCA 1982). Actually, the main thrust of this contention may be to provide for vicarious punitive damages at the ordered new trial, but under our foregoing holding as to the order of a new trial this aspect becomes moot.
We do not find merit in plaintiffs' further contention on cross-appeal that the jury's determination that no punitive damages should be awarded by reason of Crown's own reckless behavior should have been overturned and that plaintiffs should have been granted a new trial on punitive damages.
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
HALL, J., concurs.
DANAHY, A.C.J., concurs specially with opinion.
DANAHY, Acting Chief Judge, concurring specially.
I write only to point out that Crown's reliance on this court's decision in Connell v. DuBose, 403 So.2d 436 (Fla. 2d DCA 1981), is misplaced. The narrow issue in Connell was whether the trial judge erred in finding that the award of damages was unsupported by any evidence in the record. We said in Connell that we did not consider the trial judge's decision in that respect to be a discretionary act. In the instant case, however, the decision of the trial judge clearly was an act of discretion to be assessed according to the reasonableness standard.