667 So.2d 1004 (1996)
Boyd B. FARNES, Appellant,
v.
E.R. SQUIBB AND SONS, INC., Connaught Laboratories, Inc., and Henry Schein, Inc., Appellees.
No. 95-274.
District Court of Appeal of Florida, Third District.
February 14, 1996.
*1005 Wampler, Buchanan & Breen and Donna L. DeConna, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.

ON MOTION FOR CLARIFICATION GRANTED
PER CURIAM.
The Opinion of this Court filed on December 20, 1995, is vacated and this Opinion is substituted in its stead.
Boyd B. Farnes (hereinafter "Farnes") appeals a trial court order granting a new trial in a products liability action. We reverse.
Farnes received an injection of an influenza vaccine manufactured by Connaught Laboratories, Inc., sold by E.R. Squibb & Sons, Inc., and distributed by Henry Schein, Inc. in October of 1989. Shortly thereafter, Farnes contracted Guillain-Barre Syndrome ("GBS")a rare and severely crippling neurological disorder. At trial, each party had an expert witness testify concerning the adequacy of the warning language included in the package insert which came with the vaccine.
Specifically, the experts testified as to whether or not the language in the package insert adequately warned physicians about the risk of patients contracting GBS from an injection of the influenza vaccine. Following this and other testimony, the jury determined that the warning language was inadequate and, consequently, awarded a verdict in favor of the plaintiff. The trial court ordered a new trial based upon its conclusion that the jury verdict was contrary to the manifest weight of the evidence.
A trial court may not properly grant a motion for a new trial where reasonable persons cannot differ that the verdict was not against the manifest weight of the evidence. Crown Cork & Seal Co. v. Vroom, 480 So.2d 108, 110 (Fla. 2d DCA 1985). Where, as in the instant case, each party had an expert witness testify at trial regarding causation, it is for the jury to resolve and weigh the conflicting testimony. Oakes v. Pittsburgh Corning Corp., 546 So.2d 427, 430 (Fla. 3d DCA 1989). Trial court judges do not have the discretion to substitute their judgment for that of the jury in regard to the conflicting testimony of expert medical witnesses. North Dade Golf, Inc. v. Clarke, 439 So.2d 296, 298 (Fla. 3d DCA 1983), review denied, 449 So.2d 264 (Fla.1984).
Here, the trial court abused its discretion in ordering a new trial and rejecting the jury's determination that the warning language was inadequate. Case v. Bentley, 527 So.2d 939 (Fla. 2d DCA), review denied, 534 So.2d 398 (Fla.1988). Accordingly, we reverse.
Reversed and remanded with instructions to the trial court to reinstate the jury verdict.