CAMPBELL, Acting Chief Judge.
Appellants, Sandra Frosti and Joann Renee Schnetzer, challenge the order granting appellees, John E. Schaefer and Sue A. Schaefer, his wife, a new trial. We agree with appellants that not only did the trial court err in failing to specify the necessary grounds and reasons to support the order, but the court also erred in concluding that the record supported such an order at all. Accordingly, we reverse.
This action arose from an automobile accident between appellant Schnetzer and appel-lee John Schaefer that occurred at a traffic-light-controlled intersection. Schaefer contended that he sustained permanent injuries to his knee due to Schnetzer’s negligent operation of her vehicle. The evidence was clearly in dispute as to which driver had the green light at the intersection. After a trial, the jury returned a verdict in favor of Schnetzer finding no negligence on the part of Schnetzer. Schaefer then filed a motion for judgment in accordance with a previous motion for directed verdict, a motion for judgment notwithstanding the verdict, 'and/or a motion for new trial. The trial court granted appellees’ motion for new trial stating that his ruling was due to the “cumulative effect of all the evidence.”
Although an order for new trial need not specifically state that the verdict is against the manifest weight of the evidence or was influenced by matters outside the record, the order must give reasons to support one of these conclusions so that it is susceptible of appellate review. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Hawk v. Seaboard Sys. R.R., Inc., 547 So.2d 669 (Fla. 2d DCA 1989). In the instant case, the order granting a new trial simply states that Schaefer’s motion for new trial was granted. Even after appellants’ counsel requested that the trial court specify whether his ruling was based on the lack of evidence to support the jury’s verdict on the negligence issue or whether it was based on the evidence in regard to the permanent injury issue, the trial court failed to do so.
For a verdict to be found to be against the manifest weight of the evidence, the evidence must be “clear, obvious and indisputable.” McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988). Where there is conflicting evidence, the weight to be given that evidence is within the province of the *183 jury. Hawk; Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1211 (Fla.1978). After an independent review of the record, we fail to find a sufficient factual basis upon which to sustain the trial court’s order for a new trial. As there was clearly conflicting evidence on both sides of the negligence issue sufficient to support the jury verdict, we conclude that the trial court abused its discretion in granting the motion for new trial. We, therefore, reverse and remand with instructions to reinstate the jury verdict.
FRANK and BLUE, JJ., concur.