707 So.2d 753 (1998)
K-MART CORPORATION, a Michigan corporation, Appellant,
v.
Jacqueline COLLINS and Garry Collins, Appellees.
No. 97-00816.
District Court of Appeal of Florida, Second District.
January 9, 1998.
*754 Rick A. Mattson, David R. Reed, and Tracy E. Leduc of Mattson, McGrady & Swearingen, P.A., St. Petersburg, for Appellant.
Gary M. Schaaf of Stein, Ford, Schaaf & Towzey, L.L.P., St. Petersburg, for Appellees.
WHATLEY, Judge.
K-Mart Corporation appeals an order granting Jacqueline and Garry Collins a new trial on the issue of comparative negligence in their action for damages resulting from Jacqueline's fall in a K-Mart store. We hold that the entry of this order was an abuse of discretion and reverse.
On the day of the fall, Jacqueline and Garry Collins arrived at the K-Mart before it opened for business. When the store did open, Jacqueline went directly to the women's restroom, which is down a hallway that contains a water fountain. She slipped on water in the hallway and fell, suffering injuries to one of her knees.
At the conclusion of trial, the jury rendered a verdict finding Jacqueline 70% negligent and K-mart 30% negligent and setting damages at $133,000. The Collinses filed a motion for a new trial, which the trial judge granted. In his order, the judge ruled that the jury's verdict was contrary to the manifest weight of the evidence. As an alternative basis, the judge ruled that the jury mistakenly transposed the assignment of comparative negligence percentages when filling out the verdict form.
The trial judge abused his discretion in finding that the jury mistakenly transposed the comparative negligence figures because there is no evidence to support this finding. In fact, the evidence is to the contrary. The jurors were polled after the verdict was read, and they each stated they agreed with the verdict. It was the trial judge who, after the jurors were excused, advised counsel he believed the verdict form to be incorrect in its presentation. That form, however, was agreed to by counsel for both parties. In the absence of fundamental error or a timely objection in the trial court, any issue with regard to a verdict form is waived and cannot form the basis of the granting of a new trial. Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981) (order granting new trial reversed because any *755 doubt as to jury's intent was dispelled by polling of jury, and counsel waived issue regarding verdict form by failing to timely object in trial court); Tidwell v. Toca, 362 So.2d 85, 86 (Fla. 3d DCA 1978) ("A party may not complain of a verdict form to which he does not object."), cert. denied, 368 So.2d 1375 (Fla.1979). We note that in Springer v. Arthur of Cedarhurst, Inc., 424 So.2d 175, 176 (Fla. 3d DCA 1983), the court stated that "[t]here was no confusion from the face" of a nearly identical verdict form.
The trial judge also abused his discretion in ruling that the verdict was against the manifest weight of the evidence. "For a verdict to be found to be against the manifest weight of the evidence, the evidence must be `clear, obvious and indisputable.' Where there is conflicting evidence, the weight to be given that evidence is within the province of the jury." Frosti v. Schaefer, 675 So.2d 181, 182-183 (Fla. 2d DCA 1996) (citation omitted). In his order, the trial judge in this case made the following findings in ruling that the verdict was against the manifest weight of the evidence:
Pursuant to the evidence adduced at trial, this matter involved a slip and fall on water, not an easily visible impediment. Testimony taken from representatives of the defendant was to the effect that the amount of such water was minimal. Further, the situs of the accident was a small, relatively narrow hallway, which was not presented as a place of great illumination. Throughout the course of the trial in this matter, over which this court presided, there was no evidence presented which would have suggested that the condition of the floor was so notorious as to have, as a matter of necessity, caught the attention of someone walking upon it. It was never argued that the substance on the floor was anything but water. At closing argument, defense counsel argued that while the final deliberation was up to them, he felt that the plaintiffs should be charged with up to 50% negligence. As such, even the maximum amount of comparative negligence suggested by defense counsel was substantially less than that stated in the jury's verdict.
The Court cannot find any criteria, evidence or argument advanced by the defense upon which the jury could have based a finding that the plaintiff was 70% negligent. A finding of 70% comparative negligence, when the impediment was water, not readily obvious, was beyond the realm of appropriate interpretation and is contrary to the manifest weight of the evidence presented at trial.
The problem with these findings is that they do not reveal the conflicting nature of the evidence presented at trial. Absent from the trial judge's findings is the fact that the Collinses testified that there was more than a minimal amount of water on the floor. Jacqueline testified that there was a coating of water on the floor and that the skirt part of the dress she was wearing was wet, the newspaper she was carrying was soaked, and the bottom and sides of her purse were wet. Garry, who came to his wife's aid after being paged by the store, testified that the water streamed from around Jacqueline's hip away into a pool. The evidence presented by K-Mart, on the other hand, was the testimony of Jerry Slaughter, who was a merchandise assistant at the K-Mart store at the time of this incident. Slaughter testified that when he came to the scene of the fall he observed half dollar size drops of water on the floor that looked like they had fallen when someone turned away from the water fountain after using it.
Also absent from the judge's findings is the fact that while Jacqueline testified that the hallway was less lit than the courtroom, Garry testified that the lighting in the hallway was about the same as in the courtroom.
The standard of review we must apply to an order granting a new trial is whether reasonable persons could differ as to the propriety of the trial judge's action. E.R. Squibb and Sons, Inc. v. Farnes, 697 So.2d 825, 826 (Fla.1997). If they could, then the order is reasonable and not an abuse of the judge's discretion. Id.
We hold that reasonable persons could not differ that the trial judge's order in this case is not proper because it is based on insufficient reasons. Moreover, the order reflects *756 that "the trial judge was merely disagreeing with the jury's determination of what weight to accord the evidence and [was] thus impermissibly acting as a seventh juror with veto power." Placido Gardens Condominium Ass'n v. Johnson, 563 So.2d 826, 828 (Fla. 2d DCA 1990). The evidence regarding the amount of water on the floor and amount of lighting in the hallway was conflicting, and therefore, the weight to be given it was within the province of the jury. Also within the province of the jury was the amount of negligence, if any, to apportion to the parties. Hoffman v. Jones, 280 So.2d 431, 438 (Fla. 1973). It is clearly the jury's prerogative to apportion more negligence than recommended by K-Mart's counsel in his closing statement. Thus, the reasons set forth in the judge's order do not support a finding that the jury's verdict was against the manifest weight of the evidence.
Accordingly, we hold that the trial judge abused his discretion in granting the Collinses' motion for new trial. We reverse and remand with directions that the jury's verdict be reinstated.
Reversed and remanded.
PATTERSON, A.C.J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
Our standard of review when examining an order granting a new trial on the issue of comparative negligence is very difficult to apply. We can reverse the trial judge's discretionary ruling only if all reasonable persons, correctly applying the law, would conclude that the trial judge's ruling is improper. See Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980).[1] Although the concept of "reasonableness" allows this court to reverse some of the more extreme discretionary decisions of trial courts, this is a very deferential standard.
On a motion for new trial, however, the trial judge is permitted to decide that the percentage of negligence is contrary to the manifest weight of the evidence only if that evidence is "clear, obvious, and indisputable." McNair v. Davis, 518 So.2d 416 (Fla. 2d DCA 1988). This standard is a very restrictive standard. Florida relied on Illinois law, in the absence of Florida law, when it adopted this test during the era when contributory negligence was a total bar to a plaintiff's claim. See Grand Assembly of Lily White Sec. Benefit Ass'n v. New Amsterdam Casualty Co., 102 So.2d 842 (Fla. 2d DCA 1958); Wells v. Pope, 104 So.2d 858 (Fla. 2d DCA 1958).[2] Now that comparative negligence is the law, it is very rare for the evidence to support "indisputably" a 40% or 50% comparative assessment and not a 65% or 70% assessment.
In this case, Mrs. Collins turned left into a hallway that was about ten feet long and five feet wide. There were no signs or pictures to distract her attention or obstruct her view. She had the ability to see the water on the floor in the hallway. On the other hand, the floor was commercial tile and would not easily reveal a puddle. She had only a few steps or seconds to discover the puddle and avoid it. If the jury decided that the puddle was large and obvious, then K-Mart should have discovered it before it opened the store, and Mrs. Collins should have seen it too. If the jury decided that the puddle was small and difficult to see, then both parties might have overlooked the dangerous condition.
Mrs. Collins failed to discover the condition, but she played no role in creating the condition. K-Mart failed to discover the puddle, and its own plumbing created this dangerous condition. This would suggest that K-Mart was more than 30% at fault. On the other hand, Mrs. Collins had the last *757 chance to avoid this accident. She would not have been hurt at all if she had been alert.
I use this stream of consciousness analysis of the case to demonstrate how difficult it is to declare that any particular percentage of comparative negligence is against the "clear, obvious, indisputable" weight of the evidence. I agree with the trial judge that any verdict that places more than 50% comparative negligence on Mrs. Collins is odd and conflicts with my personal sense of justice in such a premises liability case. If the trial judge had been allowed to use a lesser standard than "clear, obvious, and indisputable," I would agree with and defer to his discretionary decision.[3] However, as long as the trial court must apply this standard in assessing an apportionment of negligence, our deference to the trial judge is not as broad as suggested by the language in E.R. Squibb & Sons, Inc. v. Farnes, 697 So.2d 825 (Fla. 1997).
NOTES
[1] The Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980), standard is derived from Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), which states that "if reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."
[2] In the context of comparative negligence, Illinois now describes a verdict as against the manifest weight of the evidence "where a contrary verdict is clearly evident or where the findings of a jury are unreasonable, arbitrary and not based on the evidence." Antol v. Chavez-Pereda, 284 Ill.App.3d 561, 219 Ill.Dec. 812, 672 N.E.2d 320, 330 (1996).
[3] For example, "clear and convincing" evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue. See Fla. Std. Jury Instr. (Civ.) 6.4(c); Slomowitz v. Walker, 429 So.2d 797, 800 (Fla. 4th DCA 1983). If this trial judge had been allowed to set aside an assessment of comparative negligence on the ground that the jury's determination of a particular percentage was contrary to the clear and convincing weight of the evidence, I would defer to his ruling in this case because, although the evidence is not "indisputable," it would allow a reasonable trial judge to reach a firm conviction, without hesitation, that a 70% assessment to the plaintiff underestimated K-Mart's overall responsibility for the accident. Likewise, using the newer Illinois standard, a reasonable trial judge could decide that this verdict was "unreasonable" and that it was "clearly evident" that the evidence presented in this case called for a somewhat lower percentage of comparative negligence. I admit, however, that even these verbal tests are difficult to apply.