ALLEN, J.
The appellants challenge an order for a new trial which was entered upon the ap-pellee’s motion, after a jury verdict in favor of the appellants. We conclude that the judge did not abuse his discretion in ordering a new trial based on his determination as to the manifest weight of the evidence.
The appellants filed a negligence action against the appellee and Norfolk Southern. The appellants proceeded to trial against the appellee after Norfolk Southern settled, with Norfolk Southern remaining as a defendant on the verdict form in accordance with Fabre v. Marin, 623 So.2d 1182 (Fla.1993). The jury returned a verdict finding that the appellee was negligent and solely responsible for the appellants’ damages. In ordering a new trial the judge indicated that he viewed this verdict to be contrary to the manifest weight of the evidence insofar as no negligence was assigned to Norfolk Southern. Because we are unable to say that a reasonable person could not reach the same conclusion as the trial judge, we must conclude that the challenged ruling is within the ambit of the judge’s broad discretion as to such matters. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999); E.R. Squibb & Sons, Inc. v. Fames, 697 So.2d 825 (Fla.1997).
The appealed order is affirmed.
BOOTH, J., concurs.
ERVIN, J., dissents with opinion.