CLARK, J.
 

 Appellant Diane Pena challenges the denial of a new trial against two of the three defendants in her negligence action in the trial court. Because the trial court did not abuse its discretion, the order on appeal is affirmed.
 

 Diane Pena was a passenger on a bus transporting her from her hotel to an off-site function during a professional conference. This bus was owned by Vectour of Florida, Inc., and driven by David Gutierrez. Shortly after leaving the hotel, the bus was rear-ended by a vehicle driven by Mark Pennington. Immediately after the accident, Pena reported feeling pain in her neck and numbness in her hand, and she subsequently underwent two surgeries to address her neck pain. She sued Pennington, Gutierrez and Vectour claiming that their combined negligence caused her injuries. After trial, the jury found no negligence by any of the defendants. Pena’s motion for new trial asserted that the verdict was against the manifest weight of the evidence. The trial judge granted Pena’s motion as to Pennington but denied new trial as to Gutierrez and Vectour.
 

 “The appropriate standard of review applied to a trial court’s denial of a motion for new trial is whether the trial court abused its discretion.”
 
 Campbell v. Griffith,
 
 971 So.2d 232, 235 (Fla. 2d DCA 2008). Trial court rulings on motions for new trial are given great deference on appeal.
 
 Cloud v. Fallis,
 
 110 So.2d 669, 672-73 (Fla.1959). The possibility of reasonable disagreement does not constitute an abuse of discretion.
 
 Baptist Memorial Hosp. v. Bell,
 
 384 So.2d 145, 146 (Fla.1980).
 

 It is the trial court that determines whether a jury’s verdict is supported by the “manifest weight of the evidence.”
 
 Campbell,
 
 971 So.2d at 235. An appellate court is limited to the question of whether the lower court abused its discretion in denying a new trial; “[i]n order ... to reach that conclusion, the evidence must be clear and obvious, and not conflicting.”
 
 Id.
 
 In this case, the jury was presented with conflicting evidence of the cause of Pena’s injuries and the actions of the defendants. “Where there is conflicting evidence, the weight to be given that evidence is within the province of the jury.”
 
 K-Mart Corp. v. Collins,
 
 707 So.2d 753, 755 (Fla. 2d DCA 1998). Granting a new trial is an abuse of discretion if the trial judge merely disagrees “with the jury’s determination of what weight to accord the evidence.”
 
 Id.,
 
 at 756. The judge is not authorized to act “as a seventh juror with veto power.”
 
 Id.
 

 Here, the jury weighed the evidence and concluded that the bus driver and bus company were not negligent. The trial court reasonably held that the jury’s verdict was not an unjust decision under the facts presented and properly exercised its discretion by denying a new trial as to
 
 *693
 
 these defendants. Appellant simply disagrees with the trial court’s order and is seeking a more favorable outcome in this court. This court, however, “is a court of review, not simply another forum to which the dissatisfied litigant may submit his or her list of grievances in hopes of a more favorable outcome.”
 
 Steele v. Florida Unemployment Appeals Comm’n,
 
 596 So.2d 1190, 1191 (Fla. 1st DCA 1992);
 
 see also
 
 PHILIP J. PADOVANO, FLORIDA APPELLATE PRACTICE, § 7.1 (2008 ed.).
 

 AFFIRMED.
 

 VAN NORTWICK, CLARK, and MARSTILLER, JJ., concur.